UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ADRIAN L. DUNN § | |
| Petitioner, § | MOTION TO SET ASIDE DECLARATION |
| § | OF FORFEITURE PURSUANT TITLE |
| vs. § | 18 U.S.C. §983(e) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Defendant. § | |

COMES NOW, Adrian L. Dunn, the petitioner in the above case action, and hereby file this Motion To Set Aside Declaration of Forfeiture Pursuant To Title 18 U.S.C. §983(e). The petitioner file the before mentioned motion as a pro se litigant.

### Statement of Facts:

On June 12, 2009, Special Agent Mark King of "ICE" executed a search warrant for the residence of 8717 Kentucky Avenue, Kansas City, Missouri and 912 West 98th Street, Kansas City, Missouri by Federal Law Enforcement Officers. During the execution of the warrant for the residence of 8717 Kentucky Avenue the ICE Agents seized petitioner's 1974 Chevy Caprice (VIN #V47R4J212602), and $41,000 in U.S. Currency that was found by ICE Agents in the trunk of the seized Chevy Caprice.

During the execution of the warrant for the residence of 912 West 98th Street the ICE Agents seized petitioner's 2005 Chevy Corvette (VIN #1G1YY22U855128951).

After the seizure of the petitioner's before mentioned property U.S. Customs and Border Protection, operating within the

1

Department of Homeland Security, presented petitioner with a "Notice Of Seizure Of Property" that contained the property of a 2005 Chevrolet Corvette (FP&F Case #2009 4501 000082 01), and a 1974 Chevy Caprice (FP&F Case #2009 4501 000081 01). The notice advised petitioner that the property listed was subject to administrative forfeiture under the provisions of Title 21 U.S.C. §881, §841, and §846, and his rights regarding said procedures. **The property of the $41,000 in U.S. Currency was never listed in the Notice Of Seizure as being property that was seized and subject to administrative forfeiture.**

On September 4, 2009, the petitioner filed a petition for return of his property with the Department of Homeland security/ U.S. Customs and Border Protection. The DHS denied said petition on the grounds that the AUSA had indicted the property herein which petitioner was claiming interest in. The DHS informed petitioner that because the AUSA had indicted his property the DHS could not do anything with the property until the AUSA case plays out (is completed)..

The letter from DHS informing petitioner that DHS could not proceed with administrative forfeiture proceedings of his property was undated, but the envelope inwhich the letter was contained was postage stamp dated September 2, 2010. The record shows that the government indicted petitioner's property on August 20, 2009.

On October 21, 2009, after DHS had informed petitioner that his property had been indicted by the AUSA, DHS proceeded with

2

their administrative forfeiture proceedings, and did forfeit petitioner's property of a 2005 Chevrolet Corvette, (VIN 1G14Y22U855128951).

On April 20, 2011, after DHS had informed petitioner that his property had been indicted by the AUSA, DHS proceeded with their administrative forfeiture proceedings, and did forfeit petitioner's property of $41,000 in U.S. Currency, eventhough this property was never listed on any documents for administrative forfeiture.

The AUSA, after trial was over, chose not to proceed with civil forfeiture of petitioner's indicted property.

**Argument In Support of Motion:**

Title 18 U.S.C. §983(a)(1)(A)(i):

This subsection holds that "Except as provided in clauses (ii) through (v) in any non judicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

Title 18 U.S.C. §983(1)(F):

If the government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the government shall return the property to that person, ect..

3

$41,000 In U.S. Currency:

Eventhough the statute requires that the government provide written notice to petitioner the facts and evidence in this case will clearly show that DHS never provided petitioner with a written notice that the $41,000 had been seized and was subject to administrative forfeiture. See Exhibit A&B (Notices of seizure of all property seized during the warrant execution). As you can see, there is no mentioning of the $41,000 seized by agents from the trunk of the Chevy Caprice located at 8717 Kentucky Avenue, Kansas City, Missouri. There is no chain of custody or inventory receipt documented for the $41,000 after the agents and DHS seized it.

After the government chose not to proceed with the civil forfeiture proceedings of the indicted currency, DHS, again, did not provide petitioner with a notice of seizure of property for the currency, in the 60 days that is statutory required, before DHS administratively forfeitured the property.

Title 18 U.S.C. §983(e):

This subsection holds that "Any person entitled to written notice in any non-judicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
(A) the government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps

4

to provide such party with notice; and

(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim."

Petitioner initially petition DHS to contest the seizure and administrative forfeiture of his property, before the AUSA indicted the property, but his petition was denied based on the fact that the property was now under judicial jurisdiction which would terminate any administrative forfeiture proceeding under all non-judicial forfeiture statutes.

On September 2, 2010, DHS sent petitioner a letter that stated in part, "Your petition for these items was denied because the case went to the AUSA for indictment. I can not do anything at this point with those items until the AUSA's case plays out. **I will respond to your petition once that happens.**" See Exhibit C (Letter from Fines, Penalties & Forfeiture officer for DHS).

The letter clearly states that I would have my denied petition responded to once the criminal case is concluded. After the case was concluded I was never contacted or given a notice that DHS had re-initiated the administrative proceeding of conducting a forfeiture of the property. In stead, DHS forfeited the property while knowing petitioner had an interest in the seized property and §983 required DHS to take reasonable steps to provide him with a notice. The letter from DHS (Exhibit C) shows that DHS was aware of its obligations under the statute but failed to conduct such. Petitioner did not know or have reason to know of the continued administrative forfeiture proceedings when he

5

was informed that he would hear a response for his initial petition when the criminal case was over. This means that when the criminal case is over DHS has obligated itself to contact petitioner regarding any further administrative action involving petitioner's property. Petitioner was following instruction given to him by DHS. Pursuant to Title 18 U.S.C. §983(e) petitioner is entitled to relief do to DHS violated petitioner's right to due process under the law when DHS failed to follow the statutory requirements under §983 inregards to the $41,000 in U.S. Currency.

Being that there was never a notice of seizure of property issued for the $41,000 in U.S. Currency when it was initially seized, after the government chose not to conduct forfeiture proceedings, and when the DHS retained jurisdiction over the property, petitioner is entitled to the return of his $41,000 seized by DHS.

## 2005 Chevrolet Corvette:

In regards to petitioner's property of a 2005 Chevrolet Corvette petitioner was properly provided with a notice of seizure of property listing the corvette as property subject to administrative forfeiture. Petitioner properly claimed interest in his corvette by filing a petition contesting the seizure of the seized property. Herein, the same as the issue with the $41,000, DHS sent petitioner a letter post marked **September 2, 2010** (Exhibit C) stating that the petition had been denied because the case went to the AUSA for indictment, and there was nothing DHS could do with the property until the AUSA case plays out. After the criminal case was over the government chose not to conduct

6

civil forfeiture of the indicted property named herein this motion and allowed DHS to continue its administrative forfeiture proceedings. This is when DHS could have administratively forfeited the corvette, not until then. After DHS sent petitioner Exhibit C petitioner was sent another letter on **September 17, 2010** by DHS stating in part the following:

"Our files indicates that a notice of seizure was sent to you and that you responded with a petition. The items seized were indicted by the U.S. Attorney's Office, therefore we responded to your petition, through your lawyer, that your petition was denied and that you had thirty days to respond. No further correspondence was received. Administrative forfeiture of the vehicle was therefore continued and completed. Upon forfeiture, the government sold the vehicle at auction." See <u>Exhibit D</u> (Letter from DHS stating they had forfeited the property).

The above statement by DHS has no standing in the interest of petitioner's property do to the fact when the AUSA indicted the property it could not be administratively forfeitured, and to do so is intrusion on the jurisdiction of the court. The DHS was aware of this that is why they stated in the letter to petitioner (Exhibit C) that they could not do anything with the property because the AUSA had indicted it.

On December 17, 2012 petitioner filed a motion to vacate the administrative forfeiture by DHS, and on January 16, 2013 the government filed an opposition to petitioner's motion.

7

At this time is when the government first revealed the date that petitioner's property of a Chevrolet Corvette was forfeited, which was **October 21, 2009.** See Exhibit E (Date of order of forfeiture of Chevrolet Corvette).

It is clearly shown that when DHS sent petitioner the letter in Exhibit C they had already administratively forfeited the petitioner's property and sold it at auction. So why would the DHS send petitioner a letter stating as said?

The actions of DHS is such as them acting under a **separation of powers**. The DHS does not have the authority to take the action that it did once the AUSA invoked Rule 32.2. See United States v. Dunn, 723 F.3d 919 (8th cir. 2013). The Appeals Court held that in the issue challenging the administrative forfeiture of petitioner's property under §983:

"If he (petitioner) can establish that the government invoked its right to seek criminal forfeiture and then improperly proceeded to administratively forfeit his (petitioner) personal interests in property named in the superseding indictment, the court will need to decide whether he is entitled to §983(e) relief."
The evidence has clearly established exactly what the Appeals Court stated, entitling petitioner to relief pursuant to §983 by way of returning all petitioner's property named in the superseding indictment, including his **1974 Chevrolet Caprice** (VIN #IN47R4J212607).

8

### Back To The Question of "Why Would DHS Send Exhibit C After The Chevrolet Corvette Had Already Been Sold At Auction":

Peititoner would bring to this court's attention the fact of the agents who seized the Chevrolet Corvette took a personal interest in this car and made statements that they were going to take personal ownership of said vehicle. And after the vehicle was seized the case agents continued to seek personal ownership of the vehicle.

The Fines, Penalties & Forfeiture officer for DHS went out on a limb of her career when she sent petitioner the letter in Exhibit C. This officer's job assignment was invoked by her in the letter. She stated that "My job is to monitor administrative forfeiture of property that has been seized by Officers and Agents of the department." So, when the DHS officer sent the letter in Exhibit C she should have been aware of any administrative forfeiture proceedings conducted at that time inwhere petitioner's Chevrolet Corvette was subject of such. It was clear by the order mentioned by the AUSA in Exhibit E that there was an administrative forfeiture proceedings and forfeit in regards to petitioner's Chevrolet Corvette on October 21, 2009. For this officer, under her job title, not to be aware of this is to question the fact of whether there was actually an administrative forfeiture peoceedings for petitioner's Chevrolet Corvette.

Petitioner request that this court conduct limited discovery into the alleged administrative forfeiture proceeding for said property and government auction proceedings in order to see

if there was a DHS administrative forfeiture proceeding inwhere petitioner's Chevrolet Corvette, Chevrolet Caprice, and $41,000 in U.S. Currency were forfeited.

Petitioner's allegations that there was not a forfeiture proceeding inwhere his property was forfeited is based on the fact that he made a freedom of information request, pursuant to the Freedom of Information Act (FOIA), to DHS requesting all documents that pertained to the seizure and forfeit of his property by DHS and they responded by providing petitioner with all documents related to the seizure and forfeiture of his property, but there was no documents declaring that petitioner's property was actually forfeited.

There are no **"Declaration of Forfeiture"** documents declaring any of petitioner's property being forfeited to the United States. Any property being forfeited must be documented, speaking for the Chevrolet Corvette and Caprice. As for the $41,000 in U.S. Currency, it could never be forfeited legally do to it did not have a seizure number, and property must have a seizure number in order to be forfeited to the United States.

As stated before, petitioner's property of $41,000 was never listed by DHS as property seized and subject to administrative forfeiture. In fact, the only record of the $41,000 being seized by DHS is the record created by petitioner when he wrote a letter to DHS making them aware of the fact said currency was seized by agents. After the letter DHS still did not list the

10

U.S. currency as property seized for forfeiture, nor did they provide a seizure number for this seized property.

This answer the question of "Why would DHS send petitioner Exhibit C after the Chevrolet Corvette had been allegedly forfeited and sold at auction." Because there were no documents/records of the property being forfeited at the time she sent Exhibit C.

The DHS officer letter sent to petitioner in Exhibit D is conflicting with the letter sent in Exhibit C. She just stated in Exhibit C that "she could not do anything with the property until the AUSA case was completed, do to the AUSA had indicted the property. Now, in Exhibit D, she claims that the property has been forfeited and sold at auction. This letter in Exhibit D is a shameful attempt by the DHS officer to cover up the wrong doing by the agents. In fact, the letter in Exhibit D is the same as a doctor treating a broken leg by placing a band-aid on it.

In United States v. 7215 Longboat Drive (Lot 24), 750 F.3d 968 (8th cir. 2014), this circuit held the following:

"It is well-established that forfeiture statutes are strictly construed against the government. Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required."

The facts presented in this motion, and the evidence that follows, clearly show, and will show, that not only did the agents and DHS not follow the letter of the law under the administrative forfeiture statues and DHS's policy dealing with the seizure and

11

forfeiture of property, but the facts and evidence will also show that the agents and DHS violated petitioner Constitutional Rights of Due Process and broke the law during the seizure and forfeiture of petitioner's property.

CONCLUSION:

Petitioner respectfully move this Honorable Court to GRANT his motion by ordering DHS to return all of petitioner's seized property mentioned herein as justice requires.

Date: 2-24-2015

Respectfully Submitted by,

*Adrian L. Dunn Jr.*
Adrian L. Dunn #21571-045
F.C.I. Oakdale-Louisiana
P.O. Box 5000
Oakdale, Louisiana 71463

## CERTIFICATE OF SERVICE

I, Adrian L. Dunn, do certify that a copy of the foregoing instrument was hand delivered to the F.C.I. Oakdale inmate mailbox in order to be mailed to to the following name and address on _February 24, 2015_:

Date: 2-24-2015

*Adrian L. Dunn Sr.*
Adrian L. Dunn #21571-045
F.C.I. Oakdale-Louisiana
P.O. Box 5000
Oakdale, Louisiana 71463