IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-CR-00188-FJG-4 |
| ADRIAN L. DUNN, | ) |
| Defendant. | ) |

**UNITED STATES' SUGGESTIONS IN RESPONSE TO DEFENDANT DUNN'S MOTION TO VACATE ADMINSTRATIVE FORFEITURE FINDINGS BY UNITED STATES CUSTOMS AND BORDER PROTECTION, DEPARTMENT OF HOMELAND SECURITY**

The United States of America provides the following suggestions in response to defendant Adrian Dunn's motion to vacate administrative forfeiture findings by the United States Customs and Border Protection, Department of Homeland Security:

*Suggestions in Response*

On December 17, 2012, defendant Adrian L. Dunn, acting *pro se*, filed a document entitled "Claimant's Motion to Vacate Administrative Forfeiture Findings by Customs and Border Protection and Department of Homeland Security Agencies" (Doc. 774). By this motion, Dunn has asked the Court to vacate the administrative forfeiture orders entered as to certain assets by Customs and Border Protection ("CPB"), which is the agency that processes forfeitures for the Homeland Security Investigations division of United States Immigration and Customs Enforcement ("HSI/ICE," known previously as ICE). Dunn brings his motion pursuant to 18

U.S.C. § 983(e). Because the motion was filed in a closed criminal case, the undersigned AUSA did not become aware of the filing until recently.

The assets involved in Dunn's motion were seized as part of the criminal investigation into narcotics trafficking underlying the criminal prosecution in *United States v. Corredor, et al.*, in which Dunn was a co-defendant. CPB processed the seizures administratively and eventually issued two decrees ordering the forfeiture of a number of assets, including those claimed by Dunn. The first order, dated October 21, 2009, forfeited $40,000, a 2004 BMW, a 2004 Cadillac Escalade, and a 2005 Chevrolet Corvette. The second order, dated April 20, 2011, forfeited $41,000, a 1974 Chevrolet Caprice, and a Chevrolet Impala. These assets were also named in the criminal indictment, but the government elected not to complete the criminal forfeiture because of the pendency of the administrative proceedings.[1]

Dunn has properly brought this motion pursuant to 18 U.S.C. § 983(e), with two caveats. First, the motion is a civil matter, not a criminal one, *see* 18 U.S.C. § 983(e)(1), and the United States would ask that the motion be given a new civil number. Second, the motion names CBP employee Jaynie Zakibe as the defendant rather than the United States. The United States is the proper defendant in this action. If Dunn really intends to name Ms. Zakibe in her individual capacity, then this becomes a *Bivens* suit. In that case, Dunn would have to personally serve the lawsuit on Ms. Zakibe.[2]

---

[1] Dunn has filed a pro se brief in the currently pending appeal of his criminal conviction raising the same issues concerning the administrative forfeitures by CPB. The United States is taking the position that the administrative forfeitures are not part of the criminal case, and can only be reviewed pursuant to a civil proceeding in the District Court pursuant to 18 U.S.C. § 983(e).

[2] The United States will not agree to waive the service requirement in a *Bivens* action. If Dunn will agree to substitute the United States as the defendant for Ms. Zabike, service is not an issue.