UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
Western Division

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.

ADRIAN L. DUNN,

    Defendant - Petitioner.
_____/

Civil Action No. 16-cv-493-NKL
Criminal Action No. 09-CR-00188-4-BCW

Honorable Brian C. Wimes
United States District Judge

## MOTION FOR JUDGMENT ON PLEADINGS

**COMES NOW** Adrian L. Dunn (hereinafter "Petitioner"), as a Pro Se litigant and respectfully moves this Honorable Court pursuant to a motion under the Federal Rules of Civil Procedure 12(c), Motion for Judgment on the Pleadings, due to the fact that there are no existing material facts and that judgment should be entered as matter of law.

### I. EXCUSABLE ERROR ANALYSIS

The Petitioner is a layman at law, therefore as a Pro Se litigant, he invokes the excusable error analysis of **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972), where the court is required to hold the Petitioner's pleadings to a less stringent standard than motions drafted by a lawyer.

### II.    PROCEDURAL HISTORY AND BACKGROUND FACTS

On June 12, 2009, a search warrant was executed by the Department of Immigration

Customs Enforcement (hereinafter "ICE"), specifically, Special Agent Mark King. The search warrant was executed and performed on the residence(s): 8717 Kentucky Avenue, Kansas City, Missouri; and Federal Law Enforcement Officers executed a search warrant on 912 West 98th Street, Kansas City, Missouri.

On August 20, 2009, an Indictment was issued by the Western District of Missouri, Western Division, listing, *inter alia,* the Petitioner's property: (1) $41,000 (Forty-One Thousand U.S. Currency); 2005 Chevrolet Corvette; and (2) 1974 Chevy Caprice.

On September 4, 2009, the Petitioner filed a petition for the return of his property with the Department of Homeland Security/United States Customs and Border Protection.

On September 9, 2009, the United States Customs and Border Protection/Department of Homeland Security submitted an e-mail to the Prosecuting Attorney, James C. Bohling (hereinafter "AUSA"), asking, "Petition. Let me know how you want me to respond to it." Exhibit A (Electronic Mail Transmission).

On October 21, 2009, the Department of Homeland Security underwent their administrative forfeiture process and forfeited the Petitioner's property: (1) 2005 Chevrolet Corvette, VIN# 1G14Y22U855128951 Domestic Value $26,900.

On November 30, 3009, the AUSA responded to the United States Customs and Border Protection/Department of Homeland Security's e-mail, stating:

> "Regarding DUNN's petition for the return of $40,000 U.S. currency that was seized from the trunk of one of his vehicles: That vehicle as well as the money has been indicted. In his petition, DUNN claims that he earned the money from the sale of two vehicles: a 2003 Ford conversion van and a Chevy Corvette. Both of those vehicles have also been indicted. He also adds that some of the money comes from his towing business.
>
> There is overwhelming evidence that clearly demonstrates that Adrian DUNN was actively obtaining cocaine from Alejandro CORREDOR and thereafter distributing that cocaine in Kansas City...Hopefully this information will help you formulate a response to DUNN's petition."

See Exhibit A (Electronic Mail, AUSA, Dated November 30, 2009). Subsequently, the Department of Homeland Security denied the petition informing that the Government had indicted the property and nothing could be turned over to either party until the completion of

the criminal case. Perhaps the Government new the outcome of the trial proceedings before the Petitioner was arraigned on the charges ("There is overwhelming evidence that clearly demonstrates that Adrian DUNN was actively obtaining cocaine from Alejandro CORREDOR and thereafter distributing that cocaine in Kansas City.").

On February 14, 2011, Jury Trial commenced before the Honorable District Judge Nanette K. Laughrey for the Criminal charges lodged against the Petitioner. The Jury found the Petitioner guilty on Count One of the Superseding Indictment, conspiracy to distribute five kilograms or more of cocaine; and Count Sixteen of the Superseding Indictment, using a communication facility to facilitate cocaine distribution, in violation of 21 U.S.C. §§ 841, 843, and 846 (February 18, 2011).

On March 14, 2011, the AUSA transmitted an e-mail the the United States Customs and Border Protection/Department of Homeland Security, stating, "[w]e left messages for each other last week regarding this seizure. It was seized on June 12, 2009 and has been indicted; however, the owner of the vehicle, Adrian DUNN, was found guilty during a recent jury trial *but the government failed to mention forfeiture of the car.* We need to proceed with administrative forfeiture. Exhibit A *Emphasis Added*.

On April 20, 2011, a second Order was issued and two more items of the Petitioner's property were forfeited: (1) $41,000 (Forty-One Thousand U.S. Currency); and (2) 1974 Chevy Caprice VIN# V47R4J212602.

On October 3, 2011, sentencing was held before the Honorable District Judge Nanette K. Laughrey. The Petitioner was sentenced to a term of 262 months' imprisonment on Count One and 48 months on Count Sixteen, to be served concurrently.

On February 12, 2013, the Eighth Circuit affirmed the convictions and sentences of the Petitioner on Counts One and Sixteen of the Superseding Indictment. To date, the Petitioner is unaware of any Civil Actions ensuing due to the outcome of the Criminal case.

On February 24, 2015, the Petitioner filed a *Motion to Set Aside Declaration of Forfeiture pursuant to 18 U.S.C. § 983(e),* seeking the return of the following properties: (1) $41,000 (Forty-One Thousand U.S. Currency); (2) 2005 Chevrolet Corvette, VIN#

1G14Y22U855128951 Domestic Value $26,900; and (3) 1974 Chevy Caprice VIN# V47R4J212602. It must be noted that there was no case number attached to the motion being discussed.

On March 24, 2015, the Assistant United States Attorney, James C. Bohling, filed a *Motion to Assign a Civil Case Number to Defendant's Motion to Set Aside Forfeiture, with Suggestions in Support.*

On June 10, 2015, the Petitioner filed a *Motion for Default Judgment Against the United States,* stipulating that the 60-day allotment requested by the Government had ran afoul on or about May 23, 2015, and to return the Petitioner's property in question.

On June 25, 2015, the Government filed *Suggestions in Opposition to Defendant Dunn's Motion for Default Judgment.* The Government contended that 60-days must be provided after the District Court attaches a Civil Action Number.

On July 7, 2015, the Petitioner filed a *Response to United States Suggestions in Opposition to Motion for Default Judgment in Original Petition filed in a Civil Proceeding.* Here, the Petitioner provided filed documents expressing to the extent that the 60-days being requested by the Government had lapsed substantially and provided evidence that the face of the original motion filed under 18 U.S.C. § 983(e) never possessed a case number.

On December 15, 2015, the Petitioner, being proactive, filed a *Motion for an Order Assigning a Civil Number in the Captioned Cause and Designating Petitioner as the Plaintiff.* The Petitioner sought to adhere to the Government's request for an additional 60-days after the application of the Civil Case Number.

On January 7, 2016, the Government filed a *Response to Defendant Dunn's Request to Assign a Civil Case Number to Defendant Dunn's Motion to Set Aside Forfeiture, with Suggestions in Support.* As this motion comes across as *boilerplate* in its' suggestions for an additional 60-days, the case used in reference of said 60-day allotment supports the position of the Petitioner; therefore, the Government has failed to present a claim or reserve the right to argue a claim, to maintain the forfeiture of the Petitioner's property. See **United States v. Gonzalez-Gonzalez,** 257 F.3d 31, 36 (1st Cir. 2001).

On March 2, 2016, the Petitioner filed an *Opposition in Response to United States' Response to Dunn's Request to Assign a Civil Case Number to Dunn's Motion to Set Aside Forfeiture, with Suggestions in Support*. The Petitioner specifically waited 60-days before filing the motion in discussion to eliminate an argument pertaining to the attachment of a Civil Case Number.

On May 23, 2016, the District Court issued an Order granting the *Motion to Assign a Civil Case Number to Adrian Dunn's Motion to Set Aside Customs and Border Protection Forfeiture proceeding*. The Government was then given an additional 60-days in which to respond to Petitioner's Motion to Set Aside Forfeiture. The *Motion for Default Judgment pursuant to Rule 55* was denied. The *Motion for an Order Assigning a Civil Case Number and Defendant's Response* was denied as moot.

### III. LEGAL STANDARD

**Federal Rules of Civil Procedure 12.** Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing.

(c) **Motion for Judgment on the Pleadings.** After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings.

### IV. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(c), any party may move for judgment after the pleadings are closed. Under Rule 12(c), a court must accept all factual averments as true and draw all reasonable inferences in favor of the non-moving party. See **Eckert v. Titan Tire Corp.,** 514 F.3d 801, 806 (8th Cir. 2008)(citing **Luney v. SGS Auto. Servs.,** 432 F.3d 866, 867 (8th Cir. 2005)). A party moving for judgment on the pleadings under Fed. R. Civ. P. 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as a matter of law. Judgment may only be entered where no set of facts could be adduced to support the plaintiff's claim for relief.

Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss. See **Ginsburg v. InBev NV/SA,** 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); see also **Clemons v. Crawford,** 585 F.3d 1119, 1124 (8th Cir. 2009). The Court must view the allegations in the Complaint liberally and in the light most favorable to Plaintiff. **Supra.** The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." See **Cons v. Mineta,** 410 F.3d 1036, 1039 (8th Cir. 2005). A complaint must have "enough facts to state a claim to relief that is plausible on its face." See **Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)(abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in **Conley v. Gibson,** 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). To prove the grounds for entitlement of relief, a plaintiff must provide more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." **Bell Atl. Corp.,** 550 U.S. at 555; see also **Huang v. Gatewat Hotel Holdings,** 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

"[T]he Court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint.'" See **State ex rel. Nixon v. Coeur D'Alene Tribe,** 164 F.3d 1102, 1107 (8th Cir. 1999). Additionally, the Court may consider materials that are "necessarily embraced by the pleadings." See **Piper Jaffray Cos. v. National Union Fire Ins. Co.,** 967 F. Supp. 1148, 1152 (D. Minn. 1997); see also **Porous Media Corp. v. Pall Corp.,** 186 F.3d 1077, 1079 (8th Cir. 1999).

## V. DISCUSSION

The Government was given ample opportunity to respond to the Petitioner's challenges to the forfeiture of his property. It must be noted that the challenge to the forfeited property began as early as September 4, 2009, by the Petitioner filing a written petition claiming his seized property at the time. Exhibit B. Since then, the Petitioner lodged a Pro Se motion on February 24, 2015, pursuant to 18 U.S.C. § 983(e), seeking the return of the following properties: (1) $41,000 (Forty-One Thousand U.S. Currency); (2) 2005 Chevrolet Corvette, VIN# 1G14Y22U855128951 Domestic Value $26,900; and (3) 1974 Chevy Caprice VIN# V47R4J212602. It is rather unignorable and boilerplate that the Petitioner attached his *Criminal Case Number* to the motion as a preliminary measure so the Court had a way of

Case 4:16-cv-00493-BCW   Document 3   Filed 06/20/16   Page 6 of 9

6.

identifying the filings alongside any other pending motions at said time.

Subsequent to such, the Petitioner filed a motion seeking default judgment due to the passage of time by the Government failing to address the claims and relying upon the 60-day requirement after the assigning of the Civil Case Number. It seems as if the Government is resting upon the Court's responsibility to attach a Civil Case Number to the proceedings. That being said, the Government essentially buttressed advancing any claim regarding the forfeited property as well as reserving any right to present a claim to maintain the said forfeiture of said properties, in hopes of the District Court issuing the Order granting the *Motion to Assign a Civil Case Number to Adrian Dunn's Motion to Set Aside Customs and Border Protection Forfeiture* proceeding on May 23, 2016 (Dkt. Entry No. 903), practically 15-months later.

Regardless of the aforementioned claims holding merit in light of the newly imposed Order granting the *Motion to Assign a Civil Case Number to Adrian Dunn's Motion to Set Aside Customs and Border Protection Forfeiture,* the record reflects that the Government has never provided or filed a Declaration of Forfeiture for any of the properties in question: (1) $41,000 (Forty-One Thousand U.S. Currency); (2) 2005 Chevrolet Corvette, VIN# 1G14Y22U855128951 Domestic Value $26,900; and (3) 1974 Chevy Caprice VIN# V47R4J212602, nor was the 1974 Chevy Caprice VIN# V47R4J212602 mentioned by the Government during the jury trial. Exhibit A (Electronic Mail, Dated March 14, 2011).

As the Federal Court Rules provides, when ruling on a motion governed under the Fed. R. Civ. P. 12(c), the complaint should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of Plaintiff's claim that would entitle Plaintiff to relief. See **Scala v. Am. Airlines,** 249 F. Supp. 2d 176 (D.Conn. March 13, 2003). In the instant case, the Government can only buttress their claim by tethering to the Court's Order granting the Motion to Assign a Civil Case Number. Call it serendipity, because it is merely peradventure that the District Court ruled in favor of Assigning a Civil Case Number. Consequently, the District Court could easily have ruled in favor of the Petitioner, stating that ample time was provided for the Government to advance one of two positions--maintain the forfeiture of the properties in question on procedural grounds or reserve the right to present a claim to maintain the forfeiture of the said properties. Coincidentally, the Government was bailed out by the District Court's Order granting the Motion to Assign a Civil Case Number.

Furthermore, all fingers are now pointed towards the Government in a derogatory manner due to the fact that they were given more than a year's notice to at least advance a

position on the property in any way, shape or form. All to no avail. Not only is this a bailout by the District Court, but the District Court has now given the Government 17-months (15-months in absence of a position, now with an additional 60-days) to form a response to Petitioner's challenge to the forfeited properties. Even the case cited by the Government in their two motions (March 24, 2015--*Motion to Assign a Civil Case Number to Defendant's Motion to Set Aside Forfeiture, with Suggestions in Support;* and June 25, 2015--*Suggestions in Opposition to Defendant Dunn's Motion for Default Judgment* ), **United States v. Gonzalez-Gonzalez,** 257 F.3d 31, 36 (1st Cir. 2001), supports the position of the Petition with regard to the disallowance of the 60-day period to respond to the challenge of the forfeited properties. If the District Court, by chance, accepts the Government's averments as true, their motions clearly demonstrate now position regarding the forfeited properties and such failure to provide a position in the matter should be considered an abject failure deserving of an adverse ruling. There are no pending facts that need to be resolved in the matter and as a matter of law, a decision regarding the forfeited properties must be rendered.

## CONCLUSION

**WHEREFORE,** the Petitioner prays that the District Court will examine the facts in their entirety. The Government neglected their duty to reserve and/or pose a position regarding the forfeited properties; therefore, a judgment on the pleadings is warranted.

Respectfully Submitted,

*Adrian L. Dunn Sr.*

Adrian L. Dunn, Reg. No. 21571-045

# CERTIFICATE OF SERVICE

I, <u>Adrian L. Dunn</u>, hereby certify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served a true and correct copy of the foregoing: JUDGMENT ON THE PLEADINGS UNDER RULE 12(c), by depositing same in the institutional mail system designated for legal mail to the court and parties whose addresses are listed as follows:

    Office of the Clerk
    United States District Court
    Western District of Missouri
    400 East Ninth Street, Room 1510
    Kansas City, Missouri 64106

    James Curt Bohling
    Chief, Monetary Penalties Unit
    Assistant United States Attorney
    400 E. 9th Street, Suite 5510
    Kansas City, Missouri 64106

placed in a prepaid envelope, which is deemed filed on the date listed below pursuant to the governing strictures listed in **Houston v. Lack,** 487 U.S. 266, 276, 108 S. Ct. 2379 (1988).

Dated.     June 2, 2016.                                               */s/ Adrian L. Dunn Sr.*

                                                                           Adrian L. Dunn, Reg. No. 21571-045