UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
Western Division

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.

ADRIAN L. DUNN,

    Defendant - Petitioner.

_____/

Civil Action No. 16-CV-00493-BCW

Honorable Brian C. Wimes
United States District Judge

## TRAVERSE IN RESPONSE TO THE UNITED STATES' SUGGESTIONS IN OPPOSITION TO DEFENDANT DUNN'S MOTION TO SET ASIDE CERTAIN ADMINISTRATIVE FORFEITURES

    The "United States' (hereinafter "Government") suggestions in opposition to Defendant Dunn's Motion to set aside certain administrative forfeitures" is full of apologetic adverbs such as, "consequently" and "[mis-]interpreted," in an attempt to excuse their obfuscation tactics. In addition to the Government's obfuscation tactics, the Government is suggesting that the Petitioner listed erroneous information within his claims; filed mis-titled motions challenging the forfeited properties; and, the Petitioner is unable to receive the forfeited property without a motion being brought under Rule 41(g), motion for the return of the property. The obfuscation and outright neglect on behalf of the Government subjects

them to the return of the properties listed within the Petitioner's pleadings.

## DISCUSSION

Under 21 U.S.C. § 881(a)(6), Congress established a set of strictures that are to be upheld in the utmost confidence with no deviation. The Government on the other hand, has chosen a different path than what Congress required and has failed to notify the Petitioner in any formal application of the forfeitures being challenged in the instant petition under 18 U.S.C. § 983. In the Government's attempt to smother their wrongful and/or neglectful actions or rather inactions, they lay their blame on the door-step of the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"). See Gov't's Res. Pg. 3 ("In looking at the administrative record in retrospect, the United States has concluded that despite the ambiguity, Dunn filed claims with CBP's FP&F Officer, such that CBP was required by the applicable forfeiture law to refer the claims to the United States Attorney's Office for the Western District of Missouri for the initiation of a forfeiture case in federal district court."). Clearly, the Government was aware of the Petitioner's forfeiture challenges due to the filings of the CBP.

Three of the said properties that underwent forfeiture have been challenged since the inception of this entire ordeal: (1) $41,000.00 (Forty Thousand U.S. Currency); (2) 2005 Chevrolet Corvette, VIN# 1G14Y22U855128951 Domestic Value $26,900; and (3) 1974 Chevy Caprice VIN# V47R4J212602. See Exhibit(s) A and B. The Government's statement in reference to them not being aware of the $41,000.00USD should be scrutinized. See Gov't's Res. Pg. 3. In addition, on December 2, 2009, two letters were provided to the Petitioner and the Law Offices of Peters & Peters, P.C., pertaining to two sepearate case numbers (2009 4501 000082 01; and 2009 4501 000081 01), regarding forfeitures relating to two different executed search warrants. See Exhibit 2-B (Letter Correspondence(s)--U.S. Customs and Border Protection; and Law Office of Peters & Peters, P.C.). That being said,

the Government mis-states that "[t]he decision letter only referenced Case 81, the FP&F case number for the $41,000.00 and the Caprice, but it did not identify any specific property." It seems beyond per adventure that if one is not made aware of a formal challenge (administrative forfeiture challenge), that they would not proceed to the next step until they have at least verified such. The following statement expresses that the Government was not only aware of the Petitioner's administrative forfeiture challenge, but conceded to the fact: "Despite the United States' concession that the administrative forfeiture should be vacated, the United States is not automatically obligated to return the property.". The Government is simply trying to admit to their failures in an attempt to seek excusable sympathy. The Fifth Amendment to the United States Constitution states that "no person shall...be deprived of life, liberty, or property, without due process of law." See U.S. Const. Amend. V.

Pursuant to the Fifth Amendment's Due Process of Law clause, it requires that the Government provide an individual with "notice and an opportunity to be heard" before confiscating his property. See **United States v. James Daniel Good Real Prop.,** 510 U.S. 43, 46, 114 S. Ct. 492 (1993). Among other things, the Government and all forfeiture-related interested parties knew that the Petitioner was incarcerated under the custody of the United States Marshall services. See Gov't's Res. Pp. 5 and 8. That being said, the Government knew the Petitioner's whereabouts, therefore there is no supportive reasoning for the Government to have sent "notices of seizure to Dunn using three different residential addresses." **Id.** The Petitioner would like to add, that on August 21, 2009, on the Election of Proceedings CAFRA Form AF, that he checked the 'I REQUEST THAT CBP DELAY FORFEITURE PROCEEDINGS AND CONSIDER MY PETITION OR OFFER ADMINISTRATIVELY,' pursuant to the governing principles in Title 19, United States Codes, Section 1607 and 19 C.F.R. § 162. That being said, the CBP received the necessary prerequisite that should have been forwarded to the Office of the U.S. Attorney for the Western District of Missouri. Regardless of the fact that the notices outlined the procedures for challenging the forfeitures, the Government was obligated to provide said information to

the Petitioner directly at the Federal Bureau of Prisons facility. See **Mullane v. Cent. Hanover Bank & Trust Co.,** 339 U.S. 306, 314, 70 S. Ct. 652 (1950)(The Government must afford notice sensibly calculated to inform the interested party of the contemplated forfeiture and offer him a fair chance to present his claim of entitlement.); **United States v. Woodall,** 12 F.3d 791, 794 (8th Cir. 1993)("When the government has actual knowledge of an interested party's whereabouts at the time forfeiture is commenced, failure to direct the statutorily required personal notice to that address cannot be considered compliance with either the statute or minimum due process standards."); see also Gov't's Res. Pg. 5 ("The notices outlined the procedures available to Dunn to contest the administrative forfeiture of the identified property...and request that CBP refer the case to the U.S. Attorney for the commencement of judicial forfeiture proceedings.").

The Government listed $1,709.00USD as one of the unnamed entires within the Petitioner's administrative forfeiture challenges, when in fact, the $1,709.00USD the Government refers to was the U.S. Currency found on the person of the Petitioner's co-defendant, Cheo D. Miles, when he was arrested at 8717 Kentucky Avenue. See Gov't's Res. Pg. 6. The fact that the Government is suggesting that this entry has recently been included in the Petitioner's administrative forfeiture challenges is alarming for two reasons: (1) an error of this magnitude is another example of the Government's faultiness; and (2) another example of the Government's obfuscation tactics. Keep in mind that the Government was given an allotment of practically 605-plus-days to respond to the Petitioner's 18 U.S.C. § 983 motion, which violates the Federal Rules of Civil Procedure, Rule 12(a)(3)(A). The instant response by the Government was well beyond the 60-day allotment provided under Fed. R. Civ. P. 12(a)(3)(A), considering that the Petitioner filed an additional motion on March 2, 2016, notifying this Honorable Court of the Government's failure to address his concerns. Nonetheless, on or about August 8, 2016, the Court allowed the Government to proceed as necessary under the assigned Civil Number: 16-CV-00493-BCW.

The Petitioner's exhibits in his initial petition depict that he provided adequate notice

that he was challenging the forfeited properties. Within the Petitioner's initial 18 U.S.C. § 983(e) motion, he provided reasonable specifications as to the administrative forfeited properties and left no room to misconstrue such properties. See Exhibit(s) A, B, and C. The alleged mis-titling of the Petitioner's filed motions were properly filed under the correct procedures by the necessary Government agencies. Even though the Government alleges that the mis-titling caused significant difficulty, the Government provides no evidence of such and somehow they received timely notification to address and forfeit said properties regardless of the Petitioner's challenge. See Gov't's Res. Pg. 8; see also Exhibit 1-A (E-mail--November 30, 2009). Second, the alleged "confusion over Dunn's reference to the $40,000.00USD, as opposed to the $41,000.00 actually recovered from the trunk of the Caprice" is a mis-statement. **Id.** It should be noted that the Petitioner mistakenly marked out the $41,000USD on the U.S. Customs and Border Protection Seized Asset Claim Form and replaced the said amount with $40,000USD. Upon submission of the August 10, 2010, letter correspondence (status letter), the Petitioner noticed the mistake and finalized his correction for the amount, $41,000USD, all of this can be attributed to a simple case of scrivener's error. See Exhibit(s) A, B, and C. Also, in the letter dated September 2, 2010, the U.S. Customs and Border Protection clarified that the amount in dispute was the $41,000USD recovered during the executed search warrant. It is clear that the Government, being an interested party, had actual knowledge of the ongoing administrative challenge rendered by the Petitioner and was notified in a timely manner by the CBP, FP&F, DHS, and ICE. See Gov't's Res. Pp. 2-8. Furthermore, the concession on behalf of the Government regarding the forfeited properties deserves an examination. **Supra.**

The Government mis-states the applicable law by suggesting that they are not automatically obligated to return the property even though the administrative forfeiture should be vacated. See Gov't's Res. Pg. 3. In fact, the Eleventh Circuit case cited by the Government *(Valderrama v. United States, 417 F.3d 1189 (11th Cir. 2005)),* supports the position of the Petitioner. The Petitioner initially filed a petition under 18 U.S.C. § 983,

which by case law, seems to be the necessary prerequisite for the possible return of forfeited properties. Unlike the typical forfeiture challenge, the Petitioner was still undergoing the Federal Criminal proceedings, therefore a motion under 18 U.S.C. § 983 was appropriate. Other Circuits have treated motions under the Federal Rules of Criminal Procedure, Rule 41(e) as civil complaints. See **Onwubiko v. United States,** 969 F.2d 1392, 1397 (2d Cir. 1992)("Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint."); see also **United States v. Martinson,** 809 F.2d 1364, 1366-67 (9th Cir. 1987)(motions to return property filed under Rule 41(e) are treated as "civil equitable proceedings" when criminal proceedings have been completed). Call it serendipity by design, because the Government's argumentative position referencing the filing of the motion under 18 U.S.C. § 983(e) for the possible return of the forfeited properties, supports the Petitioner's already taken actions. Perhaps the Government is recommending that the Petitioner file an unnecessary petition. Essentially, the ruling by the Court determines the next proceeding and all motions filed by the Petitioner up to this point are correct procedurally.

The Government is attempting to save-face by the following statement: "The United States would also note that the *issues attendant any request for return of the assets that have been sold are somewhat different,* but will brief those issues for the Court should they become relevant." Emphasis Added to Italicized. Clearly, the Government was rather presumptuous by their auctioning of the listed forfeited properties. See Gov't's Res. Pg. 1, n.1 and n.2.


### CONCLUSION


The Petitioner humbly asks this Honorable Court to examine the facts of the case and make a decision that commensurates the applicable law and governing strictures set forth above and in the previous submissions.

Respectfully Submitted,

## CERTIFICATE OF SERVICE

I, <u>Adrian L. Dunn</u>, hereby certify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served a true and correct copy of the foregoing: Cover Letter; and TRAVERSE IN RESPONSE TO THE UNITED STATES' SUGGESTIONS IN OPPOSITION TO DEFENDANT DUNN'S MOTION TO SET ASIDE CERTAIN ADMINISTRATIVE FORFEITURES, by depositing same in the institutional mail system designated for legal mail to the court and parties whose addresses are listed a follows:

> Office of the Clerk
> United States District Court
> Western District of Missouri
> 400 East Ninth Street, Rm 1510
> Kansas City, Missouri 64106
>
> James Curt Bohling
> Chief, Monetary Penalties Unit
> Assistant United States Attorney
> 400 East Ninth Street, Suite 5510
> Kansas City, Missouri 64106

placed in a prepaid envelope, which is deemed filed on the date listed below and governed under the strictures provided in **Houston v. Lack,** 487 U.S. 266, 276, 108 S. Ct. 2379 (1988).

Date:     October 17, 2016.

Adrian L. Dunn, Reg. No. 21571-045