IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **Adrian Dunn,**         Plaintiff;<br><br>        v.<br><br>**United States of America,**<br><br>        Defendant. | Case No. 16-CV-00493-BCW |

**UNITED STATES' MOTION *IN LIMINE* FOR A DETERMINATION THAT ADRIAN DUNN'S CRIMINAL CONVICTION IS *RES JUDICATA* OR PROVIDES COLLATERAL ESTOPPEL AS TO HIS INVOLVEMENT IN A RELEVANT NARCOTICS DISTRIBUTION CONSPIRACY, WITH SUGGESTIONS IN SUPPORT**

The United States of America, through Thomas M. Larson, Acting United States Attorney for the Western District of Missouri, and James Curt Bohling, Assistant United States Attorney, and Chief, Monetary Penalties Unit, moves *in limine* for a determination that Adrian Dunn's criminal conviction is *res judicata* as to his involvement in a narcotics distribution conspiracy. In support of this motion, the United States provides the following suggestions:

# SUGGESTIONS IN SUPPORT

## Procedural Background

1. On August 20, 2009, a federal grand jury sitting in the Western District of Missouri returned a nineteen-count Superseding Indictment against Adrian Dunn and other co-defendants. (ECF No. 143). Count One Of the Superseding Indictment charged Dunn with conspiracy to distribute cocaine in an amount of five kilograms or more and marijuana in an amount of 50 kilograms or more in violation of 21 U.S.C. § 846. Specifically, this Count alleged that between on or about January 1, 2007, and August 20, 2009, Dunn and his co-conspirators repeatedly imported cocaine and marijuana from Mexico using various sources of supply and distributed said cocaine in the Kansas City, Jackson County, Missouri area. They would then collect the proceeds of their narcotics sales and package them up for shipment back to Mexico, to pay off drug debts and to purchase more cocaine for distribution in the Kansas City, Jackson County, Missouri area.

2. Count Sixteen of the Superseding Indictment charged that on or about May 17, 2009, in the Western District of Missouri, Dunn did knowingly and intentionally use a communication facility; to wit, a telephone, to facilitate the distribution of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, all in violation of Title 21, United States Code, Sections 843(b) and 843(d).

3. Following a trial, on February 18, 2011, a jury returned a verdict of guilty against Dunn on Counts One and Sixteen of the Indictment (ECF No. 637). The District Court (Laughrey, J.) sentenced Dunn on October 11, 2011, to a sentence of incarceration of 262 months on Count One and a concurrent sentence of 48 months on Count Sixteen, and which was memorialized in a Judgment and Commitment Order (ECF No. 637).

## ARGUMENT

After a federal jury trial, Dunn was found guilty of his participation in a wide ranging conspiracy to distribute narcotics in the Kansas City area spanning the period from January 1, 2007, to August 20, 2009, as well as the use of communications facility on May 17, 2009, to facilitate the distribution of narcotics. The United States District Court for the Western District of Missouri subsequently issued a Judgment and Commitment Order adjudicating Dunn guilty of those offenses and imposing a sentence of incarceration. The doctrines of *res judicata* and collateral estoppel now establish the facts underlying these convictions conclusively for the purposes of the hearing scheduled on the question of whether Dunn is equitably entitled to return of various assets, which the United States asserts are the proceeds of or facilitating of narcotics trafficking.

"The federal courts have traditionally adhered to the related doctrines of *res judicata* and collateral estoppel." *Allen v. McMurry,* 449 U.S. 90, 94 (1980). "Under

*res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action . . . Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* (Citations omitted).

Courts applying these principles have concluded, for example, that a criminal conviction collaterally estops a civil forfeiture claimant from asserting an innocent owner defense in the civil forfeiture case. *United States v. One Rural Lot,* 739 F. Supp. 74, 76-77 (D.P.R. 1990). Similarly, a convicted criminal defendant was collaterally estopped from challenging a search warrant in a subsequent civil forfeiture case. *United States v. real Property Known and Number as 415 East Mitchell Avenue, Cincinnati, Ohio,* 149 F.3rd 472, 475-78 (6th Cir. 1998). In addition, a civil defendant's criminal conviction for filing false claims with the EPA collaterally estoppel him from denying that conduct in a later civil False Claims Act proceeding. *United States v. Peters*, 929 F. Supp. 363, 367 (D. Neb. 1996).

Here, Dunn's convictions establish his involvement in a large-scale drug conspiracy with Alejandro Corredor and others which generated millions of dollars of drug proceeds, and he is precluded by the doctrines of *res judicata* and collateral estoppel from denying that involvement and its direct relevance to the question of

whether the assets is question are connected to narcotics trafficking, and these assets were identified and seized during the course of the conspiracy.

                                                Respectfully Submitted,

                                                Thomas M. Larson
                                                Acting United States Attorney

                              By     ***/s/ James Curt Bohling***

                                                James Curt Bohling
                                                Assistant United States Attorney
                                                Chief, Monetary Penalties Unit
                                                Charles Evans Whittaker Courthouse
                                                400 East 9th Street, Fifth Floor
                                                Kansas City, Missouri 64106
                                                (816) 426-3122

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a copy of the foregoing was delivered on July 13, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                                ***/s/ James Curt Bohling***
                                                James Curt Bohling
                                                Assistant United States Attorney