IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ADRIAN DUNN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　　　　　　　Defendant. | Case No. 4:16-CV-00493-BCW |

## PLAINTIFF'S PREHEARING BENCH MEMORANDUM

Plaintiff Adrian Dunn submits the following bench memorandum in anticipation that certain issues may arise during the July 18, 2017 hearing.

### I.   Background

In August 20, 2009, the Government filed a superseding criminal indictment and sought forfeiture of property pursuant to 21 U.S.C. § 853 and 21 U.S.C. § 5332, on the theory that the property was subject to forfeiture as "proceeds or property traceable to drug trafficking." The underlying criminal case went to trial in February 2011 and resulted in the conviction of Mr. Dunn and others for conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1). The property identified in the superseding indictment was not criminally forfeited at the conclusion of the trial.

FP&F processed the seized property relevant to Mr. Dunn in two different case numbers based on the residences where the property had been seized. First, FP&F processed $41,000 and a 1974 Chevrolet Caprice seized from the Kentucky Avenue residence under Case No. 2009-40501-000081-01 ("Case 81"). Second, FP&F processed a 2005 Chevrolet Corvette seized from the West 98th Street under Case No. 2009-4501-000082-01 ("Case 82"). FP&F subsequently issued a declaration of forfeiture in Case 82 and, on December 23, 2009, sold the 2005 Corvette

at auction for $23,700. Following the underlying criminal trial in February 2011, FP&F initiated administrative forfeiture proceedings against the $41,000 and the 1974 Caprice.

The United States concedes that the documents filed by Mr. Dunn should have been construed as a claim, not just as a petition for remission or mitigation, and therefore the administrative forfeitures were ineffective and void. Doc. # 14. The Government has suggested that the process following a void administrative forfeiture is for the claimant to file a motion for return of property under Fed. Crim. R. Crim. P. 41(g). Mr. Dunn respectfully disagrees and submits that the process followed within the Eighth Circuit following a void administrative forfeiture is for the Court to set aside the forfeiture and order the agency to either return the property or commence judicial forfeiture in the district court under 21 U.S.C. § 881.

## II.    CIVIL ASSET FORFEITURE REFORM ACT

In the Eighth Circuit: "[w]hen an administrative forfeiture is void for lack of notice, a district court 'must set aside the forfeiture Declaration and order [the agency] either to return [the] property or commence judicial forfeiture in the district court.'" *United States v. Volanty*, 79 F.3d 86, 88 (8th Cir. 1996) (quotation omitted); *see also* 18 U.S.C. § 983(a)(F) (requiring Government to either return property or institute judicial proceedings in district court where notice was not properly filed in non-judicial proceeding). Because the administrative forfeiture is void, the Government (and not Mr. Dunn) is therefore required to institute civil forfeiture proceedings or return the property.

In 2000, Congress enacted the Civil Asset Forfeiture Reform Act ("CAFRA") in order to "consolidate[ ] and dramatically overhaul[ ] the procedures for civil judicial forfeiture proceedings." *United States v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account L7N01967*, 731 F.3d 189, 195 (2d Cir. 2013). CAFRA imposes a "heightened standard"

upon the government to demonstrate that seized property is subject to forfeiture. *Id.* at 196. Specifically, under CAFRA, "the burden of proof is on the [g]overnment to establish, by a *preponderance of the evidence*, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1).[1] Unlike the pre-CAFRA framework, CAFRA contains no shifting burden of proof; rather, "if the government fails to meet its burden of proof[,] . . . the claimant has no 'case' that he must present or 'elements' to which he bears the burden of proof." *United States v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account L7N01967*, 2014 WL 2575308, *1 (W.D.N.Y.2014) (quoting *$557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 79 (2d Cir. 2002)).

Section 881(a)(6) subjects to forfeiture (1) any currency or thing of value that is "furnished by any person in exchange for a controlled substance," (2) any "proceeds traceable to such an exchange," and, (3) any currency "used or intended to be used to facilitate in violation of this subchapter." 21 U.S.C. § 881(a)(6). Under CAFRA:

> the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture; (2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and (3) if the *Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.*

18 U.S.C. § 983(c) (emphasis added).

---

[1] "This 'preponderance of the evidence' standard replaced the 'probable cause' standard applied in the pre-CAFRA forfeiture cases." *United States v. $11,640.00 in U.S. Currency*, 2014 WL 4217389, *5 (N.D.N.Y.2014). Previously, "[t]he government was not required, as part of its initial burden, to demonstrate 'a substantial connection between the drug activities and the property in question, but only a nexus between them.'" *United States v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account L7N01967*, 731 F.3d at 195. Under the earlier standard, once the government had satisfied this burden, "the ultimate burden of proof then shifted to the claimant 'to show by a preponderance of the evidence that the property was not subject to forfeiture.'" *Id.* (quoting *United States v. Parcel of Prop.*, 337 F.3d 225, 227 (2d Cir.2003)).

But where the Government seeks forfeiture pursuant to 21 U.S.C § 881(a)(6) "on a theory that property constitutes proceeds traceable to an exchange for narcotics, it need not prove that there is a substantial connection between the currency and any specific drug transaction." *U.S. v. U.S. Currency in Sum of $185,000*, 455 F.Supp.2d 145, 149 (E.D.N.Y. 2006) (citations omitted). "Instead, the Government may prove more generally, based on a totality of the circumstances, that the property is substantially connected to narcotics trafficking." *Id.* (citing *United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 467-70 (7th Cir. 2005)).

### III. Rule 41 Standards

Even if the Court were to find that a Rule 41(g) motion appropriate, the Government still retains the burden of proof to establish that the seized property should not be returned. Rule 41(g) authorizes a person whose property is seized by the government to petition the district court for its return. *See* Fed. R. Crim. P. 41(g). Rule 41(g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return ... The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

If a motion for return of property is made *while* a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property. *See* Jackson, 526 F.3d 394, 396 (8th Cir. 2008). "This burden is often satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." *Id.* (citations omitted). Generally, a Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is

contraband or subject to forfeiture or the government's need for the property as evidence continues. *Id.*

That standard changes, however, when criminal proceedings have terminated and a Rule 41 motion has been filed:

> *The burden shifts to the government when the criminal proceedings have terminated.* At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property. The government may meet this burden by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant.

*United States v. Parsons*, 472 F. Supp. 2d 1169, 1173 (N.D. Iowa 2007) (Bennett, J.) (emphasis added) (quoting *United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999) (the burden is on the government "to demonstrate it has a legitimate reason to retain the property."). "The burden on the government is heavy because there is a presumption that the person from whom the property was taken has a right to its return." *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004).

## IV. CONCLUSION

Mr. Dunn requests that the Court apply the standards applicable in CAFRA cases rather than Rule 41(g) cases. Undersigned counsel is prepared to address this issue at the hearing.

Dated: July 14, 2017  Respectfully submitted,

    s/ Brent Dwerlkotte
Andrew D. Carpenter, MO Bar #48454
Brent Dwerlkotte, MO Bar # 62864
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-474-6550
Fax: 816-421-5547
acarpenter@shb.com
dbdwerlkotte@shb.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 14th day of July, 2017, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will serve electronic notice upon all parties of interest.

                                              s/ Brent Dwerlkotte
                                              *Attorney for Plaintiff*

1016922

6

Case 4:16-cv-00493-BCW   Document 32   Filed 07/14/17   Page 6 of 6