IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ADRIAN DUNN,

        Plaintiff,

v.              Case No. 4:16-CV-00493-BCW

UNITED STATES OF AMERICA

        Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE REGARDING COLLATERAL ESTOPPEL

  Plaintiff Adrian Dunn submits the following opposition to the government's motion in limine seeking a determination that Mr. Dunn should be collaterally estopped from rearguing facts surrounding his involvement in a narcotics distribution conspiracy.

### I. Collateral Estoppel

  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The principle of collateral estoppel precludes a party from re-litigating an identical issue that was adjudicated on the merits in a prior proceeding. "It is well established that prior criminal proceedings can work an estoppel in a subsequent civil proceeding, so long as the question involved was 'distinctly put in issue and directly determined' in the criminal action." *SEC v. Gruenberg*, 989 F.2d 977, 978 (8th Cir. 1993) (per curiam) (citation omitted); s*ee United States v. Aleff*, 772 F.3d 508, 510 (8th Cir. 2014). In addition, the issue of fact or law to be precluded must have been necessary to the prior jury's judgment. *Id*. at 94. In this case, the facts which the government seeks to preclude–whether the properties in issue are the "proceeds of or facilitating

narcotics related to crimes"– were never put into issue nor determined in his criminal trial. Nor were these facts necessary to the criminal judgment. This motion must be denied.

As an initial matter, Mr. Dunn is not asserting an innocent owner defense in this case. It is the government's burden to establish by the preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c). Thus, the government's reliance on *United States v. One Rural Lot*, 739 F. Supp. 74 (D.P.R. 1990) is misplaced. In *One Rural Lot*, a claimant was convicted in a criminal case and the record established that two properties were used by the claimant to "commit or to facilitate the commission of various illegal drug transactions." *Id.* at 76. The court found that the claimant in the subsequent civil forfeiture proceeding was collaterally estopped from relying on an innocent owner defense under 18 U.S.C. § 983(d) because it had been determined in his criminal case that the specific property was used in connection with his drug activity for which he was committed. Here, unlike *One Rural Lot*, there was no determination made by the jury in the criminal case that the $41,000, 1974 Caprice, or 2005 Corvette were ever used to "commit or to facilitate the commission of various illegal drug transactions." *Id.* Indeed, this was never alleged, much less submitted to or found by the jury in the criminal trial.

*United States v. Beaty*, 245 F.3d 617 (6th Cir. 2001) provides an apt explanation of when collateral estoppel applies in a civil forfeiture. In *Beaty*, the defendant had previously been convicted by a jury of conspiring to conduct an illegal gambling business. *Id.* at 619. As part of the criminal case, the government also seized large amounts of cash and gambling paraphernalia. *Id.* at 621. During his criminal case, the defendant put forth an entrapment defense—that he had engaged in the conduct charged, but that government led him to believe that purchasing a federal gambling stamp each year and paying monthly taxes on his gross wagers would immunize him

from prosecution—and the trial court instructed the jury on the defense of entrapment by estoppel. After the criminal case, the government filed obtained a decree of forfeiture against the seized property on collateral estoppel grounds. The district court concluded that the defendant had litigated the entrapment by estoppel issue during his criminal proceeding and the entrapment defense was barred by collateral estoppel. *Id.* at 621.

The Sixth Circuit upheld the grant of summary judgment because his entrapment defense was "identical" to the defense he presented at his criminal trial. *Id.* at 624. The court reasoned:

> At trial, Beaty called witnesses and introduced evidence in support of his entrapment by estoppel defense. Therefore, there is little question that he actually litigated the issue. Nor is there any doubt that the jury's determination on the issue was necessary and essential to a judgment on the merits. At trial, the judge specifically instructed the jury to find Beaty not guilty if he established the entrapment by estoppel defense by a preponderance of the evidence. In order to convict Beaty, the jury had to conclude that the preponderance of the evidence did not support the entrapment by estoppel defense. Accordingly, the district court correctly concluded that all three requirements for collateral estoppel had been satisfied.

*Id.* at 624-25; *see also Richey v. United States*, 9 F.3d 1407, 1411 (9th Cir. 1993) (conviction under § 7206(2) estopped tax return preparer from denying willfulness under a subsequent civil action).

Unlike *Beaty*, Mr. Dunn relied on a general denial theory at trial, and the jury's decision regarding the conspiracy and use of communications was not based on the issues here related to the seized property, and therefore the issues were not distinctly put in issue and directly determined. *E.g., Gruenberg*, 989 F.2d at 978. Although the jury *could have* determined whether the government met its burden of establishing the seized property was subject to forfeiture, the government did not discuss the issue at trial, much less ask that it be directly determined.

At the close of evidence, the Court instructed the jury that the crime of conspiracy to distribute 5 or more kilograms of cocaine, as charged in Count One of the indictment against Mr. Dunn, had four elements:

*One*, on or between January 1, 2007 and August 20, 2009, two or more persons reached an agreement or came to an understanding to distribute cocaine, which consists of the intentional and knowing transfer of cocaine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

*Four*, the agreement or understanding involved 5 kilograms or more of cocaine.

(Doc. # 522, Instruction No. 19; Eighth Circuit Model Criminal Jury Instruction No. 6.21.846A.1 (2009).

As it related to the charge of using a communication facility to facilitate the commission of another controlled substance offense as charged in Count 16, the Court instructed the jury that there were two elements:

*One*, the defendant knowingly used a "communication facility"; and

*Two*, the defendant did so with the intent to facilitate the commission of the offense of conspiracy to distribute 5 kilograms or more of cocaine.

(Doc. # 522, Instruction No. 22; Eighth Circuit Model Criminal Jury Instruction No. 6.21.843 (2009).

The issue of whether any of the three properties at issue were the "proceeds of or facilitating narcotics related to crimes" was never alleged, proven, or submitted to the jury. It is not an element of the criminal charges leveled against Mr. Dunn, and it was not necessary to the criminal jury's judgment. Accordingly, the criminal jury was not asked to find these facts, and did not do so in the course of rendering its verdict. The government bears the burden to establish that the seized property should not be returned to Mr. Dunn because there is "a substantial connection between the property and the offense." 18 U.S.C. § 983(c). Because these facts were neither "necessary to the judgment" nor "actually determined" in the criminal trial, collateral estoppel does not apply.

Nor could claim preclusion possibly apply. The Government confuses principles of claim preclusion and issue preclusion when it asserts that "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." As the case they cite explains, while both doctrines are referred to as "res judicata," collateral estoppel or issue preclusion applies "once a court has decided an issue of fact or law necessary to its judgment." *Allen*, 449 U.S. at 94. *Allen* did not involve claim preclusion. *Id.* at 94, n. 5 (stating that "this case does not involve the question of whether a § 1983 claimant can litigate in a federal court an issue he might have raised but did not in previous litigation."). For claim preclusion to apply there must be "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and same parties." *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8th Cir. 2002). Indeed, under claim preclusion, both sides would be precluded from raising issues that could have been raised in the first action but were not, and the Government here would be estopped from relitigating the issue of whether the

properties in issue are the "proceeds of or facilitating narcotics related to crimes" because that issue could have been raised in Mr. Dunn's criminal trial and was not.

## II. CONCLUSION

For the following reasons, the Court should overrule the government's motion in limine.

Dated: July 14, 2017                                    Respectfully submitted,

                                                                                                                    _s/ Brent Dwerlkotte_
                                                                                 Andrew D. Carpenter, MO Bar #48454
Brent Dwerlkotte, MO Bar # 62864
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  816-474-6550
Fax:  816-421-5547
acarpenter@shb.com
dbdwerlkotte@shb.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2017, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will serve electronic notice upon all parties of interest.

                                                                      _s/ Brent Dwerlkotte_
                                                                      *Attorney for Plaintiff*