UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ADRIAN DUNN,<br><br>       Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>       Defendant. | Case No. 4:16-CV-00493-BCW |

**PLAINTIFF'S BENCH MEMORANDUM REGARDING THE FEDERAL RULES OF EVIDENCE AND MOTION IN LIMINE REGARDING HEARSAY EVIDENCE**

Civil forfeiture proceedings are governed by the Civil Asset Forfeiture Act of 2000 ("CAFRA"). Under CAFRA, the government must establish "by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). Here, the government seized a 1974 Chevrolet Caprice, 2005 Chevrolet Corvette, and $41,000; and indicted the property in a superseding criminal indictment. But the property was not criminally forfeited at the conclusion of the criminal trial nor has the government instituted a civil forfeiture proceeding. The government now seeks to quiet title to this property, contending that Dunn lacks a property interest in the seized property because they are the" proceeds of or facilitating narcotics related to crimes." Mr. Dunn anticipates that the government will seek to rely on hearsay evidence to try and meet its heavy burden, but the Court should preclude the Government from doing so.

**I. HEARSAY EVIDENCE IS INADMISSIBLE**

Before CAFRA, the government was required to show that mere probable cause existed to seize property at issue and was allowed to use hearsay evidence to do so. *See United States v. One 1982 Chevrolet Corvette Two-Door Auto., VIN IG1AY878YC5117138*, 976 F.2d 392, 392 (8th Cir. 1992). However in 2000, Congress enacted CAFRA and heightened the government's

8282182

burden. This heightened standard of proof—from probable cause to a preponderance of the evidence—has been interpreted by courts to mean that the government may no longer rely on hearsay evidence to meet its burden of proof.[1] *See United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504 (5th Cir. 2008); *United States v. 30 Acre Tract of Land*, 425 F.Supp.2d 704, 708 n.3 (M.D.N.C. 2006); *United States v. One 1991 Chevrolet Corvette*, 390 F.Supp.2d 1059, 1065-66 (S.D. Ala. 2005); *United States v. One Parcel of Prop. Located at 2526 Faxon Ave.*, 145 F.Supp.2d 942, 950 (W.D. Tenn. 2001).

The Eighth Circuit has not directly ruled on whether hearsay evidence is admissible in civil forfeiture proceedings. The Fifth Circuit appears to be the only circuit court to explicitly address the issue, and concluded that the government may no longer rely on hearsay evidence to support a civil forfeiture case post-CAFRA. *See United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504 (5th Cir. 2008).[2] The Fifth Circuit also noted that hearsay is no admissible based on the plain language of Section 983:

> Canons of statutory construction also signal a change in the admissibility of hearsay. Reading the § 983 procedures in their entirety indicates that hearsay evidence (or any other evidence not admissible under the Federal Rules of Evidence) is not permitted in deciding the merits of a forfeiture case. Subsection (j) of § 983 describes the procedures by which the Government may seek a temporary restraining order ("TRO") or injunction in order to seize, secure, maintain, or preserve the property subject to forfeiture (to be followed by a decision on the merits). CAFRA sets the Government's burden at a TRO hearing as probable cause and

---

[1] There are a few district courts that have continued to state that hearsay evidence is permissible; however, in those cases, it does not appear that the parties made hearsay an issue or raised the argument that post-CAFRA standards do not allow inadmissible evidence.

[2] The legislative history of CAFRA indicates that Congress was concerned about the ease with which the Government could seize property through the existing, pre-CAFRA, forfeiture procedures. H.R. Rep. No. 106-192, 1999 WL 406892, at *12 (June 18, 1999) ("The government, under the [pre-CAFRA] approach, need not produce any admissible evidence and may deprive citizens of property based on the rankest of hearsay and the flimsiest evidence. This result clearly does not reflect the value of private property in our society, and makes the risk of an erroneous deprivation intolerable." (internal quotation marks omitted)).

> explicitly provides that "[t]he court may receive and consider, at a hearing held pursuant to this subsection, evidence and information that would be inadmissible under the Federal Rules of Evidence." 18 U.S.C. § 983(j)(3)-(4). If hearsay (or other evidence that is normally inadmissible) was intended to be admissible in all forfeiture procedures under CAFRA, there would be no need for Congress to expressly state that otherwise inadmissible evidence is admissible in TRO hearings. In other words, reading CAFRA as permitting the use of hearsay evidence at all times renders subsection (j)(4) (which applies only to TROs) superfluous. We are to read a statute as a whole, so as to give effect to each of its provisions without rendering any language superfluous. Adherence to that rule suggests that hearsay is no longer admissible for purposes of a merits decision in a civil forfeiture case.

*Id.* at 509-510 (internal citations and quotations omitted).

Similarly, in 2011, the Northern District of Iowa followed the Fifth Circuit in finding that CAFRA prohibited hearsay evidence in civil forfeiture proceedings. *United States v. 2004 White Cadillac Escalade VIN No. 3GYEK62N04G114958, No. C11-0050*, 2011 WL 5240420 (N.D. Iowa Nov. 1, 2011). The court stated that it "believes that the view expressed by the Fifth Circuit in *$92,903 in United States Currency*, is the prevailing opinion." It continued, "While the issue has not been addressed directly by the Eighth Circuit … if the Government is not permitted to present hearsay evidence at trial … then it may not rely on hearsay evidence in seeking summary judgment." *Id*. at *5-*6.

## II. THE GOVERNMENT'S INTRODUCTION OF TRANSCRIPTS SHOULD BE EXCLUDED BECAUSE THEY ARE HEARSAY

The government is seeking admission of certain excerpts of trial testimony from Mr. Dunn's criminal trial. But the Court should exclude the trial testimony excerpts because it is hearsay with no applicable exception. The trial transcripts are inadmissible for four reasons.

*First*, the transcripts from Mr. Dunn's criminal trial are inadmissible as related to Agent King because the government will call Agent King as a live witness. While former testimony may be admissible as an exception to the rule against hearsay if the declarant is unavailable as a

witness, FED. R. EVID. 804 (a)-(b)(1), Agent King is available—certainly not unavailable—and his former testimony cannot be introduced during the hearing because it is inadmissible hearsay. Fed. R. Evid. 801(c). *See*, *e.g.*, *United States v. Real Prop. Located & Situated at 404 W. Milton St., Austin, Travis Cty., Tex.*, No. A-13-CA-194-SS, 2014 WL 5808347, at *6 (W.D. Tex. Nov. 7, 2014) ("But Agent Hause's status as lead investigator does not mean he is unable [sic] to make hearsay statements, and the trial testimony from the criminal case is itself hearsay when offered for its truth absent a showing the declarants therein are unavailable to testify.").

*Second*, the transcripts from the criminal trial as related to all other declarants are inadmissible hearsay because the government has not established that the declarants are unavailable as witnesses.[3] *See id.* Under Rule 804(a)(5), a declarant is "unavailable" if he or she "is absent from the trial or hearing and the statement's proponent has not been able, *by process or other reasonable means, to procure*" the declarant's attendance. *Id.* (emphasis added). Here, the government seeks to introduce testimony from several witnesses that testified during Mr. Dunn's criminal trial, but has not shown the unavailability of each witness, much less shown that it has attempted through reasonable means to procure each declarant's attendance. The Court should therefore exclude the trial transcripts from evidence. *United States v. Real*

---

[3] Former testimony given as a witness at trial is not excluded by the rule against hearsay when the declarant is unavailable as a witness. A witness is "unavailable" when the declarant:
>  (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies; (2) refuses to testify about the subject matter despite a court order to do so; (3) testifies to not remembering the subject matter; (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure: (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or (B) the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).

FED. R. EVID. 804 (a)-(b)(1).

*Prop. Located & Situated at 404 W. Milton St., Austin, Travis Cty., Tex.*, No. A-13-CA-194-SS, 2014 WL 5808347, at *6 (W.D. Tex. Nov. 7, 2014) ("All of the material allegations map onto either Agent Hause's declaration or transcripts from the criminal trial, both of which, as explained above, are hearsay. Accordingly, the United States has failed to carry its burden to show, by a preponderance of the evidence admissible under the Federal Rules of Evidence, that the Properties are substantially connected to the heroin distribution conspiracy. . . .").

*Third*, even if the government could prove each witness was "unavailable," the transcripts are nonetheless inadmissible because Mr. Dunn did not have an opportunity or similar motive to develop the witnesses' testimony during cross examination. *See* Fed. R. Evid. 804 (b)(1)(B) (excluding from hearsay "[t]estimony that . . . is now offered against a party who had–or, in a civil case, whose predecessor in interest had–an *opportunity and similar motive* to develop it by direct, cross-, or redirect examination.") (emphasis added). The opportunity and incentive to examine the witness are the important factors, not the actual extent of the examination. *See DeLuryea v. Winthrop Labs.*, 697 F.2d 222, 227 (8th Cir. 1983).

Here, Mr. Dunn did not have either the opportunity or incentive to fully develop these witnesses' testimony during the criminal trial because the jury was only asked to determine whether a conspiracy existed—not attempting to disprove the seized property was proceeds of narcotics trafficking. Moreover, Mr. Dunn's counsel did not ask questions of these witnesses concerning the seized property because the government did not mention it (in fact the Caprice is not mentioned at all and the Corvette is only mentioned one time) or seek to have the jury determine the forfeiture issue. Indeed, the government did not submit proposed jury instructions on the seized property (in either set of its instructions) nor did the district court submit any such instructions to the jury. *See United States v. Vincent Charles et al.*, Case No. 09-188-NKL, ECF

8282182

5

Case 4:16-cv-00493-BCW   Document 34   Filed 07/17/17   Page 5 of 7

312, 493 (W.D. Mo. 2010) (Government's proposed instructions); Doc. #522 (court's instructions). Thus, Mr. Dunn lacked the opportunity and sufficient incentive to question witnesses on these topics under Rule 804(b)(1)(B). Nor did Mr. Dunn have a similar motive to develop these witnesses prior testimony for the same reasons. Fed. R. Civ. P. 804(b)(1)(B).

Because defense counsel's opportunity and motives in developing the witnesses' testimony in the criminal case were distinctly different than they are here, the transcripts should be excluded as inadmissible hearsay.

*Finally*, the transcripts are inadmissible and do not qualify as non-hearsay coconspirator statements under Federal Rule of Evidence 801(d)(2)(E). This rule is narrowly tailored to apply only to statements "by a coconspirator of a party *during the course and in furtherance of* the conspiracy. . . ." *Id*. (emphasis added). It is axiomatic that testimony by an individual in open court against his former coconspirators on behalf of the government pursuant to a plea agreement nearly two years after the termination of the conspiracy by arrests and incarceration is neither "during" the course of the conspiracy nor "in furtherance" of the conspiracy. Indeed, such testimony is the antithesis of testimony by a coconspirator in furtherance of and during a conspiracy. The trial testimony of these witnesses made at trial is not a statement made in the furtherance of the conspiracy because the conspiracy had concluded long before trial. *See United States v. Engelman*, 648 F.2d 473, (8th Cir. 1981) (concluding district court abused its discretion in allowing statement of co-conspirator under Rule 801(d)(2)(E) three years after conspiracy concluded).

## III. CONCLUSION

The Rules of Evidence should apply during the July 18 hearing. For the reasons explained above, the government should be precluded from introducing inadmissible hearsay testimony during the July 18 hearing.

8282182

6

Case 4:16-cv-00493-BCW   Document 34   Filed 07/17/17   Page 6 of 7

Date:  July 17, 2017	Respectfully submitted,

   s/ Brent Dwerlkotte
Andrew D. Carpenter, MO Bar #48454
Brent Dwerlkotte, MO Bar # 62864
Anna El-Zein, Law Student
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  816-474-6550
Fax:  816-421-5547
acarpenter@shb.com
dbdwerlkotte@shb.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2017, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will serve electronic notice upon all parties of interest.

   s/ Brent Dwerlkotte
*Attorney for Plaintiff*