IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **Adrian Dunn,**<br>　　　　　　Plaintiff;<br><br>　　v.<br><br>**United States of America,**<br>　　　　　　Defendant. | Case No. 16-CV-00493-BCW |

**UNITED STATES' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING HEARSAY**

The United States of America, through Thomas M. Larson, Acting United States Attorney for the Western District of Missouri, and James Curt Bohling, Assistant United States Attorney, and Chief, Monetary Penalties Unit, provides the following suggestions in opposition to Plaintiff Dunn's Motion in Limine Regarding Hearsay Evidence (ECF No. 34):

**Suggestions in Opposition**

**I.   The July 17 hearing is not a civil forfeiture proceeding.**

Plaintiff Dunn ("Dunn") objects to the use of reliable hearsay evidence on the basis that the Federal Rules of Evidence apply to civil judicial forfeiture proceedings under CAFRA. However, Dunn simply assumes that this proceeding is a CAFRA civil forfeiture proceeding without otherwise explaining his basis for that assumption. While the procedural posture of this

case is complex, it is clear beyond question that the proceeding before the Court is not a CAFRA civil forfeiture proceeding. As shall be explained below, this phase of the proceeding arises pursuant to Federal Rule of Criminal Procedure 41(g).

Dunn's action must be bifurcated into at least two segments (but possibly more than two). His first action arose under 18 U.S.C. § 983(e) and sought to set aside the administrative forfeiture orders entered by the Department of Homeland Security, Customs and Border Protection (CBP) against the $41,000 in United States Currency, the Caprice, and the Corvette. In Document 14, the United States' Answer and Suggestions in Opposition To Defendant Dunn's Motion to Set Aside Certain Administrative Forfeitures, the United States conceded that the administrative forfeitures were ineffective because CBP should have treated Dunn's filings as a claim and forwarded them to the United States Attorney's Office for the filing of a judicial forfeiture action. The United States' noted that 18 U.S.C. § 983(e) is commonly used in cases where there has been a unexcused lack of notice to a potential claimant, but that courts have also held that it also allows a court to remedy situations, such as this one, where an agency interprets a claimant's filing solely as petition for remission and not as a claim, requiring a referral for a possible judicial forfeiture action. To date, the Court has not entered an order setting aside CBP's administrative forfeiture actions.

Once a forfeiture is set aside pursuant to 18 U.S.C. § 983(e), that section has no more to say about the ultimate disposition of the assets. As Dunn correctly points out, the United States is allowed to file a civil judicial forfeiture action following a court vacating an administrative forfeiture order (which, again, has not yet happened in this case). However, a civil judicial forfeiture action is not an option here as the applicable statute of limitations of five years has run. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 63 (1993).

Consequently, the next phase of the action is for the Court to consider whether return of the property is warranted pursuant to Federal Rule of Criminal Procedure 41(g). In *United States v. Clymore*, 245 F.3d 1195, 1202-03 (10th Cir. 2001), the Court held that property associated with a void administrative forfeiture does not have to be returned automatically to the claimant even if the statute of limitations has run on the filing of a new forfeiture action. In such instances, claimant must file a Rule 41(e) (now Rule 41(g)) motion for the return of the property. If the property was lawfully seized, and the Government establishes that it is subject to forfeiture, then the Rule 41 motion will be denied unless claimant is an innocent owner. Post-*Clymore* decisions have re-affirmed this procedure. *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1186 (10th Cir. 2005) (*Rodriguez-Aguirre* II) (reaffirming *Clymore* II; per section 881(a)(6), no person has a property right in drug proceeds; therefore, notwithstanding the expiration of the

3

statute of limitations on the Government's forfeiture action, claimant had no basis for seeking the equitable recovery of his property); *Alli-Balogun v. United States*, 281 F.3d 362, 371-72 (2d Cir. 2002) (following *Clymore* II; although the Government is barred from commencing a new forfeiture action if the statute of limitations has run, Government can quiet title to the property in a civil equitable proceeding brought by the claimant, but it loses the benefit of the pre-CAFRA burden shifting and must establish the forfeitability of the property); *Arevalo v. United States*, 2011 WL 442054, *7 (E.D. Pa. Feb. 8, 2011) (a person is not entitled to recover administratively forfeited property, even if his due process rights were violated, if the property is contraband – such as drug proceeds – or the claimant himself lacks clean hands); *United States v. Cash*, 2010 WL 2650022, *2-3 (D.S.C. July 1, 2010) (claimant unable to show seized money came from a legitimate source, and Government relies on evidence from claimant's criminal case to show it was drug proceeds). Indeed where, as here, the assets were used by the defendant in the course of his offense of conviction he has no right to their return. *United States v. Penry*, 515 Fed. Appx. 784 **3 (10th Cir. 2013) ("when the property is used to commit the offense on which the defendant received his conviction, only an innocent owner or one aggrieved by an illegal seizure may qualify for lawful possession of the property").

In Document 14, the United States specifically noted that it was amenable to moving on to the Rule 41 phase of the proceeding because Dunn

4

had previously filed Rule 41 motions that were not ripe at the time he filed them. The hearing set for July 18 is a Rule 41 hearing. The United States has not filed a civil judicial forfeiture complaint, and such a complaint would be effectively foreclosed by the running of the statute of limitations. Nor could such a complaint be filed until the Court formally orders the administrative forfeiture orders vacated, as the United States would be seeking to forfeit assets that it currently owns.[1]

## II. The United States no longer has the vehicles in its possession and they cannot be ordered returned.

As noted in Document 14, CPB has sold both the Caprice and the Corvette at auction, and as also noted in that pleading, this fact has important ramifications for this case, as the vehicles cannot be ordered to be returned pursuant to Rule 41. *United States v Foster,* --- F. App'x. ---_, 2015 WL 9583470 (11th Cir. 2015) (motion for return of property, filed long after the criminal proceedings, is denied where the property has been destroyed or forfeited and is no longer available). Moreover, Rule 41(g) has no provision for money damages as compensation for improperly destroyed property. *United States v. Hall*, 269 F.3d 940, 942 (8th Cir. 2001). Indeed, the

---

[1] If the parties agreed that the statute of limitations did not apply to a civil judicial forfeiture proceeding, the United States would initiate such an action by filing a Complaint for Forfeiture *In Rem*, and there would be no need for the July 18 hearing.

important holding of Hall was that the United States does not waive sovereign immunity in Rule 41(g) proceedings. *See United States v. Hall*, 269 F.3d at 943 ("Rule 41(e) contains no such waiver, and we may not use general equitable principles to fill the gap.") *see also United States v. Adeleke*, 355 F.3d 144, 150-51 (2d Cir. 2004). To the extent the Court construes Dunn's motion as a request for money damages under Rule 41(g), such relief is not authorized under the law.

The *Hall* court recognized that to assert a claim for money damages, a defendant must turn to any available civil remedies, and the Court authorized the district court to treat the Rule 41 request as a civil complaint for these purposes. *See id*. However, *Hall* in no way suggests what the outcome of the ensuing civil proceeding might be, which is necessarily bound to facts of each particular case.

Dunn has not identified any basis for the court awarding him damages in this case. One possible avenue foe such a claim would be the Federal Tort Claims Act, or FTCA. The FTCA waives the United States sovereign immunity from, among other things, suits seeking damages for "injury or loss of property." 28 U.S.C. § 1346(b)(1). However, as a threshold matter, a litigant is required to first present an FTCA claim to an administrative agency as a jurisdictional prerequisite to filing suit in federal court. 28 U.S.C. § 2675(a); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993) ("Presentment of an administrative claim ... must be pleaded and proven by

the FTCA claimant."); *Kanar v. United States*, 118 F. 3rd 527, 528 (7th Cir. 1997).

In any event, any FTCA claim here would be barred by the detention exception to the FTCA found at 28 U.S.C. § 2680(c). That exception provides that the provisions of the FTCA (allowing recovery against the United States) will not apply to:

> (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if—
>
> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

Dunn's claim is excepted from the FTCA because it arises from the detention of goods by law enforcement officers. However, Dunn's claim does

7

not qualify for the re-waiver provisions of Section 2680(c) because it fails independently on one of the subsections of section (c). *Harper v. United States*, __ F. Supp. 3d __, 2016 WL 4994996 (E.D.N.Y. Aug. 3, 2016) (plaintiff must meet all four requirements of subsection (c) to prevail). Dunn was found guilty of a crime for which forfeiture is available, that is, conspiracy to distribute narcotics. Consequently, his claim would fail pursuant to section 2860(c)(4). *Harper, id*.

Alternatively, the Tucker Act, 28 U.S.C. § 1491, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), give federal courts jurisdiction over claims, "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The only difference between them is that the Tucker Act vests jurisdiction solely in the Court of Claims for claims over $10,000, while the Little Tucker Act provides concurrent jurisdiction with the district courts for claims of $10,000 or less. *Adeleke*, 355 F.3d at 151-52. Consequently to the extent that Dunns' claim exceeds $10,000, the district court lacks jurisdiction over it, and it must be transferred to the Court of Claims. *Id.* at 353.

However, assuming that Dunn's claim will be for an amount of $10,000 or less, he still cannot recover under the Little Tucker Act. The Tucker Acts are not themselves waivers of sovereign immunity, but only jurisdictional

8

statutes that accommodate suits where a plaintiff can point to such a waiver. *Arbelaez v. United States,* 94 Fed. Cl. 753, 760 (2010).

Generally claims like those of Dunn's are brought under the Fifth Amendment Takings Clause. However, such claims uniformly fail. In order to recover on a Fifth Amendment takings claim, a plaintiff must show that his property has been taken for "public use." *AmeriSource Corp. v. United States*, 525 F.3d 1149,1152 (Fed, Cir. 2008). However, "property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause, " and this "encompasses the government's ability to seize and retain property to be used as evidence in a criminal prosecution." *Id.* at 1153. Consequently, a claim for a Fifth Amendment public use taking for the government seizure, retention, and damaging of property taken pursuant to its police power must be dismissed. *Id.; see also Arbelaez*, 94 Fed. Cl. at 762-63, *Barnes v. United States,* 122 Fed. Cl. 581, 583 (2015).

Consequently, unless Dunn demonstrates a clear waiver of sovereign immunity and a viable theory of recovery, he cannot be granted relief for the vehicles.

## CONCLUSION

The hearing before the Court on July 18, 2017, is a Rule 41(g) hearing, as the United States has not filed a civil judicial forfeiture action, such an action is seemingly foreclosed by the statute of limitations, and the Court has not entered an order vacating the existing administrative forfeiture actions. As

9

to the vehicles, the United States has sold them and no longer has them, and they therefore cannot be ordered to be returned. In the Eighth Circuit, damages cannot be awarded pursuant to Rule 41(g) itself. Therefore, Dunn must identify a waiver of sovereign immunity and a legal basis for the recovery of damages, and he has not done so to date.

                            Respectfully Submitted,

                            Thomas M. Larson
                            Acting United States Attorney

By    ***/s/ James Curt Bohling***

                            James Curt Bohling
                            Assistant United States Attorney
                            Chief, Monetary Penalties Unit
                            Charles Evans Whittaker Courthouse
                            400 East 9th Street, Fifth Floor
                            Kansas City, Missouri 64106
                            (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 11, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                            ***/s/ James Curt Bohling***
                            James Curt Bohling
                            Assistant United States Attorney