# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

**Adrian Dunn**,

        Plaintiff;

v.

**United States of America**,

        Defendant.

Case No.16-CV-00493-BCW

## UNITED STATES' POST-HEARING BRIEF

The United States of America, by its attorneys, Thomas M. Larson, Acting United States Attorney, and James Curt Bohling, Assistant United States Attorney and Chief, Monetary Penalties Unit, provides the following Post-Hearing Brief in conjunction with the hearing held before the Court on July 18, 2017.

## I.    Introduction.

Adrian Dunn, plaintiff in the lawsuit before the Court, brought this action under 18 U.S.C. § 983(e) seeking to set aside three administrative forfeitures entered by the Department of Homeland Security, Customs and Border Protection (CBP).[1] The assets forfeited were $41,000 in United States Currency; a Chevrolet Caprice (later sold at auction for $5,600); and a Chevrolet Corvette (later sold at auction for $23,700). After examining the extensive administrative and judicial record related to those forfeitures, the

---

[1] Following the creation of the Department of Homeland Security, CBP became the agency tasked with processing forfeitures stemming from the law enforcement activities of Immigration and Customs Enforcement, Homeland Security Investigations (HSI), in addition to CBP's pre-existing customs-related forfeitures.

United States did not object to the court vacating the administrative forfeitures during the July 18, 2017 hearing on this matter. The issue now before the Court is the applicable procedure moving forward.

As explained in greater detail below, the United States' position is that because the assets administrative forfeiture was vacated as requested by Dunn, the United States should now be permitted to file a civil forfeiture action as prescribed under 983(e)(2). Strictly in the alternative, even if 983(e)(2) was not applicable the circumstances of this case, the United States is nevertheless entitled to demonstrate that the assets are still subject to forfeiture because they were furnished or were intended to be furnished in exchange for controlled substances, or were facilitating of violations of the drug laws as such, Dunn has no equitable right to their return.

The circumstances of this case appear to offer a matter of first impression, and the United States would ask the Court to rule on the procedural issues as a predicate to resolution of the ultimate disposition of the assets involved.

## II. 18 U.S.C. § 983(e)(2) authorizes the United States to file a new civil forfeiture action where a court has vacated an administrative forfeiture decree.

### A. The Court has vacated the administrative forfeitures pursuant to 18 U.S.C. § 983(e).

Dunn challenged the administrative forfeiture of the assets at issue here in his direct appeal to the Eighth Circuit Court of Appeals following his conviction on drug conspiracy charges in this District Court. The Eighth Circuit discussed and rejected Dunn's appellate objection to forfeiture in his direct appeal, concluding that Dunn would have to challenge the forfeiture in a new action pursuant to section 983(e). *United States v. Dunn*, 723 F.3d 919,

- 2 -

Case 4:16-cv-00493-BCW   Document 45   Filed 07/31/17   Page 2 of 13

930-31 (8th Cir. 2013). After several administrative and judicial challenges under different provisions, Dunn finally followed the Eighth Circuit's opinion and filed this action under section 983(e) (ECF No. 1). In the minute entry following the July 18 hearing, the Court reflected its oral order vacating the administrative forfeitures in this case, with a written order to follow (ECF No. 38). This order was entered pursuant to 18 U.S.C. § 983(e).

### B. 18 U.S.C. § 983(e)(2) allows the United States to file a new administrative or judicial civil forfeiture action after a court has vacated an administrative forfeiture order.

By its terms, 18 U.S.C. § 983(e)(2) permits the United States to file a new civil forfeiture complaint, "[n]otwithstanding the expiration of any applicable statute of limitations," where a court has vacated an administrative forfeiture order pursuant to § 983(e)(1). 18 U.S.C. § 983(e) provides that:

> **(e) Motion To Set Aside Forfeiture.—**
>
> **(1)** Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> **(A)** the Government knew, or reasonably should have known, of the moving party's interest and

- 3 -

failed to take reasonable steps to provide such party with notice; and

**(B)** the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

**(2)**

**(A)** Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

**(B)** Any proceeding described in subparagraph (A) shall be commenced—

**(i)** if nonjudicial, within 60 days of the entry of the order granting the motion; or

**(ii)** if judicial, within 6 months of the entry of the order granting the motion.

**(3)** A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property.

**(4)** If, at the time a motion made under paragraph (1) is granted, the forfeited property has been disposed of by the Government in accordance with law, the Government may institute proceedings against a substitute sum of money equal to the value of the moving party's interest in

- 4 -

>   the property at the time the property was disposed
>   of.
>
>   **(5)** A motion filed under this subsection shall be
>   the exclusive remedy for seeking to set aside a
>   declaration of forfeiture under a civil forfeiture
>   statute.

Section 983(e)(1) makes clear that a person who should have received notice of an administrative forfeiture proceeding but did not (and did not otherwise know of the proceeding) may request that the administrative forfeiture be set aside. *See United States v. Croskey*, 626 Fed. Appx. 655 (8th Cir. 2015); *Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (claimant may only seek relief under section 983(e) when the Government has failed to comply with the notice requirements; he may not challenge the forfeitability of the property). And where the court sets aside the administrative forfeiture, section (e)(2) allows the United States to file a new non-judicial forfeiture proceeding within 60 days, or judicial forfeiture proceeding within six months, after the date of the entry of the order setting aside the administrative forfeiture. *Kadonsky v. United States*, 3 Fed. Appx. 898, 904 n.6 (10th Cir. 2001) (noting that, under CAFRA, "forfeitures judicially set aside for lack of notice may now be refiled"); *Brown v. United States*, 2012 WL 2370120, *3 n.5 (D. Md. June 20, 2012) (the remedy under § 983(e) is to vacate and refile the forfeiture, not the return of the property). Furthermore, Section (e)(4) allows the new forfeiture action to be maintained against the proceeds of assets that have been sold, such as the Caprice and

- 5 -

Case 4:16-cv-00493-BCW   Document 45   Filed 07/31/17   Page 5 of 13

the Corvette at issue here, as substitutes for the missing assets, eliminating the need for a new civil lawsuit for damages.

Section 983(e)(5) establishes Section 983 as the exclusive remedy for seeking to set aside a civil forfeiture declaration. *United States v. Simon*, 609 F. App'x. 1002, 1007 (11th Cir. 2015) (holding that further judicial review of the administrative forfeiture under the Administrative Procedures Act was barred because § 983 provided the exclusive remedy for seeking to set aside a declaration of forfeiture); *United States v. Sims*, 376 F.3d 705, 707 (7th Cir. 2004) (section 983(e) is the exclusive remedy for challenging an administrative forfeiture that was commenced on or after August 23, 2000).

Plaintiff Dunn took the position at the hearing that as a post-CAFRA case 983(e)(2) should be applicable, and after reflection upon the issue, which is not entirely straightforward given the circumstances, the United States now agrees with that position.  Section (e)(2) refers directly back to (e)(1), which discusses only failures of notice as a basis for relief.  Dunn's argument for relief stems from the agency's misconstrual of his filing as solely a petition for remission and not as a claim, which is not a notice issue, although it is an issue for which the courts have provided a remedy.  *Rodriguez v. United States*, 219 Fed. Appx. 22 (1st Cir. 2007).  Given that section 983(e) is the exclusive remedy to set aside civil forfeiture declarations, the United States believes it is the statutory provision applicable here.

Consequently, given that the administrative forfeiture orders have been vacated pursuant to section 983(e), 983(e)(2) would allow the United States to

- 6 -

file a new civil action, either administrative (within 60 days), or civil judicial (within six months).

### C. Strictly in the alternative, even if section 983(e) does not apply to the circumstances of this case, the United States is entitled to demonstrate the forfeitability of the assets in question.

While the United States believes the better view is that Dunn's "misconstrual" argument should be treated as being within the ambit of 18 U.S.C. § 983(e), it recognizes that some courts have allowed the review of due process challenges to administrative forfeitures outside the ambit of section 983(e). Even so, these courts uniformly allow the United States an opportunity to demonstrate that the asset is forfeitable and should not be ordered returned to a plaintiff or movant.

Recently, the Ninth Circuit decided in *Okafor v. United States*, 846 F. 3d 337 (9th Cir. 2017), that section 983(e)(5)'s exclusivity provision was not a jurisdictional limitation, and allowed Okafor to advance a non-notice due process objection to an administrative forfeiture in the context of a Rule 41(g) motion, before ultimately rejecting that challenge on the merits. *Id.* at 339-40. The *Okafor* Court noted that if it were to find that the DEA erred in considering a claim to have been untimely, the remedy would be to reinstate the claim so that the Government could proceed with the forfeiture action under section 983. *Id.*

Whether 18 U.S.C. § 983(e)(2), which allows the United States to file a new civil forfeiture action when a court vacates an administrative forfeiture, applies where the administrative forfeiture has been vacated for a reason other than lack of notice pursuant to section 983(e)(1), is a question left largely unanswered by the case law to date. The United States suggests that

- 7 -

the better view is that section 983(e) should apply here because of 983(e)(5)'s exclusivity provision, but that the United States maintains the ability to demonstrate the forfeitability of the property and the inequity of its return even if the Court vacates an administrative forfeiture outside of the ambit of 983(e). The *Clymore* line of cases cited by the United States in its previous filings demonstrates this principle. The United States asks that the Court make a ruling on this issue, as that ruling has important implications for the resolution of the substantive issues raised by Dunn's case.

## II. If 18 U.S.C. § 983(e)(2) applies the United States is obligated to file a new civil forfeiture action.

Should the Court rule that 18 U.S.C. § 982(e)(2) applies in Dunn's case, then the United States will be required to file a new civil forfeiture action. The July 18, 2017, hearing that was conducted for this case cannot serve as a substitute for a new civil forfeiture proceeding.

Initially, the statute contains a literal requirement that the United States file a new proceeding if it intends to judicially forfeiture the assets of a vacated administrative forfeiture. These proceedings have very defined procedural requirements for how they are initiated under 18 U.S.C. § 983(a), including the filing of a Complaint for any new civil judicial action. Most importantly, the United States is required to provide specific written notice to any known potential claimants, and to provide notice to the world through publication. 18 U.S.C. § 983(a)(4). These requirements are fundamental to any civil forfeiture proceeding, whether administrative or judicial, and by their very nature cannot be waived by the United States even where, as here, the possibility of a new claim seems very remote.

- 8 -

Moreover, under 983(e)(2) the United States may name the proceeds of the sale of the two vehicles in this case as substitute defendants *in rem* for the vehicles themselves. This procedure relieves Dunn of the need to initiate a new civil proceeding for damages in the event that the United States does not prevail as to their forfeitability. But to accomplish this result the United States must actually file a civil forfeiture complaint.

### III. In any event, the United States established at the July 18 hearing that Dunn has no equitable right to the return of the assets.

Whether the July 18 hearing has relevance at this point depends upon the Court's ruling concerning the applicability of 18 U.S.C. § 983(e)(2). If that sub-section applies, the United States would be required to initiate a new civil forfeiture action within the applicable time limits, and that new action would then proceed with appropriate noticing for third parties. But if the Court rules that it has vacated the administrative forfeitures on a basis that does not implicate section 983(e)(2), then the hearing held on July 18 may remain the vehicle for determining whether the United States has demonstrated the forfeitability of the assets in issue. If so, no question exists that the United States has met its burden.

21 U.S.C. § 881(a)(6) provides that:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them: . . . (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable

> instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

The "subject to forfeiture" clause and the "no property right shall exist in them" clause operate separately, which is why a plaintiff who succeeds in overturning an administrative forfeiture may still have no right to the return of the assets. *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1186 (10th Cir. 2005) (per section 881(a)(6), no person has a property right in drug proceeds; therefore, notwithstanding the expiration of the statute of limitations on the Government's forfeiture action, claimant had no basis for seeking the equitable recovery of his property).

In this case, the United States advances two theories for the forfeitability of the assets. As to the $41,000 and the Corvette, the United States has shown that these assets were "money . . . or other things of value furnished or intended to be furnished in exchange for a controlled substance or a listed chemical . . . or all proceeds traceable to such an exchange."

As to the $41,000, the evidence demonstrated that Alejandro Corredor supplied Dunn and other conspirators with illegal drugs imported from Mexico. Dunn sold those drugs and paid Corredor for them. In an intercepted telephonic conversation on June 9, 2009, Dunn and Corredor discussed that Dunn owed Corredor 86,000 at one time, had made a previous payment of $41,000, and was prepared to make the next payment, also for $41,000. Testimony of SA Mark King; Gov't Exs 4 and 5. Just days later, HSI agents found $41,000 in cash, in small denominations, hidden in the trunk of the Caprice parked at the Kentucky Street garage. Testimony of SA Mark King; Gov't Exs 7 through 13. Without question, Dunn intended to use this $41,000 to pay his supplier, Corredor, for illegal drugs, rendering these funds forfeitable.

Like the money, the Corvette was also used by Dunn to pay Corredor for a drug debt. The evidence at the hearing established that in the search warrant affidavits submitted in June 2009, SA King recited that intercepted conversations established that Dunn had provided a panel van to Corredor in payment for a drug debt. When the search warrants were executed, agents found the Corvette at Corredor's residence in Kansas City, Kansas, even though the Corvette was registered to Dunn. This evidence strongly suggests that, like the van, Dunn provided the Corvette to Corredor as payment of a drug debt.

Of course, in September 2009 Corredor told agents in a proffer that Dunn had given him the Corvette as payment for a drug debt. Dunn's counsel objected to the United States' offer of proof of this evidence as hearsay, but this objection is misplaced. The objection is premised on the assumption that the hearing was essentially a civil forfeiture trial. As set forth above, that cannot be case. If section 983(e)(2) applies to this case, then the United States must file a new civil complaint and the hearing is a nullity. But if the hearing is a stand-alone hearing to determine forfeitability, then the admissibility of hearsay is well-settled. *See United States v. Smith*, 770 F.3d 628 (7th Cir. 2014) (the rules of evidence do not apply in the forfeiture hearing). In any event, the Court need rely on the evidence of the Corredor proffer to find the Corvette to be forfeitable.

Finally, the United States established that the Caprice was forfeitable as facilitating property, specifically; it was used to secrete and presumably transport the $41,000 drug payment money. Facilitating property is anything that "makes the prohibited conduct less difficult or more or less free from hindrance." *United States v. Huber*, 404 F.3d 1047, 1060 (8th Cir.

- 11 -

Case 4:16-cv-00493-BCW   Document 45   Filed 07/31/17   Page 11 of 13

2005). The use of the Caprice as a hiding place and a mode of transport for a large drug payment accomplished exactly that.

As noted in prior filings and discussed at the hearing, and assuming that 18 U.S.C. § 983(e)(2) does not apply and the United States is not filing a new civil complaint, should the Court find the vehicles not to be forfeitable Dunn will need to file a damages action as the United States has sold the cars and no longer has them available for return. Gov't Exs 14 and 15 (sale documents for the Caprice and the Corvette).

Thomas M. Larson
Acting United States Attorney

By  */s/ James Curt Bohling*

James Curt Bohling
Chief, Monetary Penalties Unit
Assistant United States Attorney
400 E. 9th Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and was thereby served upon all parties.

                              */s/ James Curt Bohling*

                              James Curt Bohling
                              Chief, Monetary Penalties Unit
                              Assistant United States Attorney

- 13 -

Case 4:16-cv-00493-BCW   Document 45   Filed 07/31/17   Page 13 of 13