UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ADRIAN DUNN,

Plaintiff,

v.

Case No. 4:16-CV-00493-BCW

UNITED STATES OF AMERICA

Defendant.

**PLAINTIFF'S RESPONSE TO THE UNITED STATES' POST-HEARING BRIEF**

The government requested a hearing to determine the forfeitability of property seized from Dunn nearly ten years ago. The court held a day-long hearing on July 18, 2017, where the government conceded it: (1) failed to properly administer the administrative forfeitures of Dunn's property; (2) failed to complete the criminal forfeiture process because the agency erroneously reported the administrative forfeiture process was complete; and (3) failed to file a civil forfeiture action because it believed the statute of limitations had expired. The government now argues the July 18, 2017 hearing was a waste of time and that it should be allowed to file a new civil forfeiture action. The Court should reject the government's arguments because they are wrong and because they are grossly inconsistent with Dunn's due process rights.

*First*, Section 983(e)(2) does not apply. Section 983 allows the government to file a new civil forfeiture action only where a judicial declaration of forfeiture is related to a problem with notice—and the government admits the error for which the forfeiture was set aside did not relate to notice.

*Second*, even if Section 983(e)(2) did apply, the government is precluded from filing a new judicial forfeiture action under Section 983(a)(3)(A), which requires the government to file a complaint for forfeiture or return the property within 90 days of a claim filing. The government

concedes that Dunn's filings with the U.S. Customs and Border Protection ("CBP")[1] should have been construed as claims, and therefore the government is precluded from taking any further actions to effect the civil forfeiture of Dunn's property.

*Third*, the government has not challenged Dunn's argument that the Federal Rules of Evidence apply to cases under CAFRA, nor has the government cited any authority for its position that the Rules of Evidence should not apply to the July 18 hearing. Thus, regardless of whether Rule 41 governs the July 18 hearing, the Court should apply the Rules of Evidence in determining whether the government met its burden of proving by a preponderance of the evidence that Dunn's property is subject to forfeiture.

**I.      BACKGROUND**

In June 2009, Dunn was indicted along with several others for conspiracy to distribute narcotics. On the same date, the government executed a search warrant and seized a number of items belonging to Dunn, including a 1974 Chevrolet Caprice, a 2005 Chevrolet Corvette, and $41,000 in currency. For reasons that are unknown, FP&F processed the seized property relevant to Dunn in two different case numbers based on the residences where the property had been seized. First, FP&F processed $41,000 and a 1974 Chevrolet Caprice seized from the Kentucky Avenue residence under Case No. 2009-40501-000081-01 ("Case 81"). Second, FP&F processed a 2005 Chevrolet Corvette seized from the West 98th Street under Case No. 2009-4501-000082-01 ("Case 82"). FP&F subsequently issued a declaration of forfeiture in Case 82 and, on December 23, 2009, sold the 2005 Corvette at auction for $23,700.

In August 20, 2009, the government filed a superseding criminal indictment and sought forfeiture of property pursuant to 21 U.S.C. § 853 and 21 U.S.C. § 5332, on the theory that the

---

[1]  Dunn adopts the abbreviations as used by the government, though Dunn refers generally to the CBP and Fines, Penalties, and Forfeitures ("FP&F") as the "agency" or government.

property was subject to forfeiture as "proceeds or property traceable to drug trafficking." The underlying criminal case went to trial in February 2011 and resulted in the conviction of Dunn and others for conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1). The property identified in the superseding indictment was not criminally forfeited at the conclusion of the trial. Following the underlying criminal trial in February 2011, FP&F initiated administrative forfeiture proceedings against the $41,000 and the 1974 Caprice. The Caprice was sold at auction on September 21, 2011, for $5,600.

Consistent with the government's positions, Dunn filed a motion pursuant to 18 U.S.C. § 983(e) to set aside the administrative forfeitures. The government conceded that the agency should have interpreted Dunn's submissions as claims, not as remission petitions, and therefore should have referred the assets to the United States Attorney's Office to allow for the filing of a civil judicial complaint. The government also conceded that the administrative forfeitures in this case were ineffective and void. However, the government argued that Dunn was not entitled to automatic return of his property, and requested a hearing to establish that the property were the "proceeds of or facilitating of narcotics related crimes." Doc. # 14 at 18.

The Parties agreed that the government carried the burden of proof, to prove by a preponderance of the evidence (Hr'g Tr. 28:20-22), that the seized property was subject to forfeiture under Section 881(a)(6). *See* 18 U.S.C. § 983(c). However, the Parties disagreed whether the hearing should be conducted under CAFRA or Federal Rule of Criminal Procedure 41(g). As counsel for Dunn noted, CAFRA proceedings are governed by the Federal Rules of Evidence, and therefore the government cannot meet its burden by using inadmissible evidence. Counsel for Dunn further argued that, even if the proceeding were conducted under Rule 41(g), the Federal Rules of Evidence should still apply. Although the government argued that Rule

1018971

3

41(g) should govern the proceedings and that the Federal Rules of Evidence apply in "large part," the government has not identified any caselaw to support its new argument that the Federal Rules of Evidence do not apply to the hearing, much less that the government could rely primarily on inadmissible hearsay to meet its burden of proof.

## II. ARGUMENT

### A. "Claims" v. "Petitions"

Dunn previously set forth the relevant CAFRA standard in his Prehearing Bench Memorandum. Doc. # 32. As relevant here, Dunn sets forth the normal process a forfeiture proceeding should follow where, as here, the claimant submits a "claim" rather than a "petition" for remission or mitigation concerning seized property. One federal court has explained:

> Civil asset forfeiture is a powerful weapon federal law enforcement agencies may wield in the ongoing battle against illegal drug trafficking. Its power lies in its ease of use: federal law enforcement agencies may seize assets that are the fruit of illicit activity and justify the seizure simply by showing, by a preponderance of the evidence, that the asset is, in fact, tied to some category of illegal activity. This ease of use, though, also poses the risk of snatching the livelihood and fortunes of innocent citizens who have not been found guilty of criminal wrongdoing beyond a reasonable doubt by a jury of their peers.
>
> To mitigate this risk, Congress saw fit to attach procedural safeguards to this nation's civil asset forfeiture laws. To that end, Congress adopted CAFRA, 18 U.S.C. § 983, to ensure that private interests were protected. One of those safeguards, relevant here, is the process for filing a post-seizure 'claim' for seizures amounting to less than $500,000. 18 U.S.C. § 983(a)(2)(A). When a 'claim' is filed, the agency *must* seek a civil judicial forfeiture. Alternatively, a plaintiff may instead consent to allowing the [agency] to administratively determine whether or not the seizure was appropriate. This process, called a 'petition' for remission or mitigation, allows the seizing agency to determine the merits of the plaintiff's petition, but it also bars the plaintiff from later seeking a judicial review if his petition is denied.

*Frazier v. United States*, 2015 WL 1505969, at *3 (S.D. Ga. March 31, 2015) (emphasis in original; internal citations omitted).

Generally, if a claimant wants to challenge a forfeiture in federal court, he must file a claim with the agency by the appropriate deadline stated in the notice of seizure or, if the party did not receive a notice, then no later than thirty days after the final publication of the notice of seizure. 18 U.S.C. § 983(a)(2)(B). The claim "need not be made in any particular form." *Id.* § 983(a)(2)(D). A seizing agency must make claim forms generally available, but the party seeking a judicial challenge to the seizure is not required to use the form. *Id.* In any subsequent civil forfeiture proceedings, the government bears the burden of proving by a preponderance of the evidence that the property is subject to forfeiture. *Id.* § 983(c)(1).

**B.      Section 983(e)(5) Does Not Allow the Government to File A New Civil Forfeiture Complaint.**

Contrary to the government's contention, Dunn's counsel did not argue during the July 18 hearing that Section 983(e)(2) is applicable and allows the government to file a new civil forfeiture claim. Doc. # 45 at 6. Dunn's counsel did argue that CAFRA cases and its standards were applicable, but stated that the government's reliance on the *Clymore*-line of cases, *see* Doc. # 14 at 18-20 (collecting cases), was misplaced because *Clymore* involved the effect of a void administrative forfeiture based on notice reasons, and the *Clymore* court itself noted that the outcome would be straightforward but for the fact that it was governed by pre-CAFRA standards. The court noted: "Congress has now expressly declared that if an administrative forfeiture is judicially set aside for failure to provide adequate notice to an alleged owner, the government may commence a subsequent forfeiture proceeding as to the interest of that claimant "[n]otwithstanding the expiration of any applicable statute of limitations." *United States v. Clymore*, 245 F.3d 1195, 1198 n.3 (10th Cir. 2001) (quoting Section 983(e)(2)(A))). Moreover, as Dunn's counsel noted during the hearing, before CAFRA, some courts (but not the Eighth Circuit), held that if the statute of limitations expired before the government had an opportunity

to refile a civil forfeiture action after a declaration of forfeiture had been vacated due to improper notice, the government could still quiet title to the seized property in an equitable proceeding.[2] *See id.*; *but see United States v. Volanty*, 79 F.3d 86, 88 (8th Cir. 1996) ("When an administrative forfeiture is void for lack of notice, a district court 'must set aside the forfeiture declaration and order [the agency] either to return the property or commence judicial forfeiture in the district court.") (citations omitted).

The government argues that Section 983(e)(2) authorizes it to file a new civil forfeiture action because the Court vacated the administrative forfeiture under Section 983(e)(5). Doc. # 45 at 2. But the government concedes, as it must, that the administrative forfeitures related to Dunn's property were ineffective (or void) because the agency misconstrued Dunn's previous claim filings as petitions, which is plainly *not* a notice issue under Section 983. Doc. # 45 at 2-6. This concession is fatal to the government's argument.

Section 983(2)(A) plainly states that where a court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture . . . without the right of the government to commence a subsequent forfeiture proceeding….". 18 U.S.C. § 983(2)(A). Paragraph 1, in turn, states in relevant part: "Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute *who does not receive such notice may file a motion to set aside a declaration of forfeiture . . . .*" *Id.* at 983(e)(1). Here, the Court vacated the administrative forfeitures under Section 983(e)(5), at the government's urging, *see* Doc. # 14 at 15 (arguing that Section 983(e)(5) is the exclusive remedy for challenging administrative forfeitures), because the government misconstrued Dunn's filings as "petitions" instead of "claims," which is not a notice issue. Doc. # 45 at 6.

---

[2] Dunn also notes that the authority cited by the government Doc. # 14 at 18-20, include cases decided under the pre-CAFRA standards, so the holdings are inapplicable here.

Applying straightforward principles of statutory construction, Section 983 should be read to mean what it says: *i.e.*, the government may commence a subsequent civil forfeiture proceeding only where the administrative forfeiture is vacated because of notice reasons. 18 U.S.C. § 983(e)(1). "[W]hen the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms," unless "the disposition required by the text is . . . absurd." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal quotation marks and citation omitted).[3]

Nor can the government now complain that the Court has vacated the administrative forfeitures under Section 983(e)(5), leaving the government with no alternative method of instituting a new civil action. Doc. # 45 at 7-8; *see Austin v. Unarco Indus., Inc.*, 705 F.2d 1, (1st Cir. 1983) ("We agree that, in general, a party may not appeal from an error to which he contributed, either by failing to object or by affirmatively presenting to the court the wrong law."). The government cannot eradicate Dunn's due process rights simply because it misinterpreted the law and is unable to file a civil forfeiture complaint or otherwise complete the forfeiture of Dunn's property.

### C. Section 983(a)(3) Also Precludes the Government From Filing a New Civil Forfeiture Complaint.

Even if Section 983(e)(2) applied, Section 983(a)(3) nonetheless precludes the government from filing a new judicial forfeiture action. Section 983(a)(3)(A) requires the government to file a complaint for forfeiture or return the property within 90 days of a claim filing. *Id.* at 983(a)(3)(A). The government "may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense," *id.* at 983(a)(3)(B), where the government fails to either (1) file a complaint for forfeiture or return the property, or (2)

---

[3] The government acknowledges that its argument has no basis in caselaw. Doc. # 45 at 7-8. But this is not surprising, however, since the language of Section 983 is plain an unambiguous.

"obtain a criminal indictment and take all the steps necessary to preserve its right to maintain the custody of the property as provided in the criminal forfeiture statute." *Id.* at 983(a)(3)(A).

The government concedes that it misconstrued Dunn's filings as petitions rather than claims. In addition, the government did not file a complaint for forfeiture or return Dunn's property within 90 days of Dunn filing a claim with the agency, nor has the government obtained a criminal indictment and preserved its right to maintain the custody of the property as required under the criminal forfeiture statutes. Therefore, under Section 983(a)(3), the government is precluded from taking any further action to effect the civil forfeiture of Dunn's property now or in a subsequent civil action. *See United States v. Wilson*, 699 F.3d 789, 791 (4th Cir. 2012) (Section 983(a)(3) "imposes a 90-day deadline on the government and provides the sanction that the property will be released if the government does not meet its deadline.") (emphasis added); *United States v. One 2007 Harley Davidson Street Glide Motorcycle*, 982 F. Supp. 2d 634, 640–41 (D. Md. 2013) (dismissing government's late judicial forfeiture action, noting "Congress effectively determined that the interest in apprising claimants of the alleged basis for the forfeiture and expeditiously processing forfeiture complaints outweighed the loss of dismissing potentially meritorious claims for untimely filing. This is hardly surprising considering that forfeiture is a harsh remedy that the law generally disfavors.").

### D. The Court Should Apply the Federal Rules of Evidence.

The government has failed to meet its burden to show that Dunn's property is subject to forfeiture. The government does not dispute that, since Congress enacted CAFRA, the government cannot rely on hearsay evidence to meet its burden of proof as to forfeitability.[4] *See* Doc. # 34 (explaining burden of proof pre-CAFRA and post-CAFRA); *United States v.*

---

[4] There are a few district courts that have continued to state that hearsay evidence is permissible; however, in those cases, it does not appear that the parties made hearsay an issue or raised the argument that post-CAFRA standards do not allow inadmissible evidence.

*$92,203.00 in U.S. Currency*, 537 F.3d 504 (5th Cir. 2008); *United States v. 30 Acre Tract of Land*, 425 F.Supp.2d 704, 708 n.3 (M.D.N.C. 2006); *United States v. One 1991 Chevrolet Corvette*, 390 F.Supp.2d 1059, 1065-66 (S.D. Ala. 2005); *United States v. One Parcel of Prop. Located at 2526 Faxon Ave.*, 145 F.Supp.2d 942, 950 (W.D. Tenn. 2001).[5]

Moreover, the government has failed to cite any authority suggesting that the Federal Rules of Evidence do not apply to hearings under Rule 41(g), much less that the government can rely primarily on inadmissible hearsay to establish by "preponderance of the evidence" that seized property is subject to forfeiture. Indeed, the government conceded during the July 18 hearing that the Federal Rules of Evidence apply in "large part." Hr'g Tr. at 40. The government argues the Federal Rules of Evidence do not apply to forfeiture hearings, Doc. # 45 at 11, relying on *United States v. Smith*, 770 F.3d 628 (7th Cir. 2014). But *Smith* is inapposite. *Smith*, unlike here, involved a criminal defendant's appeal challenging the legality of a district court's ruling concerning criminal forfeiture of property. *Id.* Following the defendant's guilty plea, the court held a sentencing and forfeiture hearing in which it considered, among other things, the defendant's proffer statements made during plea discussions, and subsequently determined that certain property was forfeitable as proceeds from drug trafficking. *Id.* at 636. The Seventh Circuit rejected Smith's argument that Federal Rule of Evidence 410 precluded the use of his proffer statements at the sentencing hearing, concluding that the Federal Rules of Evidence are

---

[5] The legislative history of CAFRA indicates that Congress was concerned about the ease with which the Government could seize property through the existing, pre-CAFRA, forfeiture procedures. H.R. Rep. No. 106-192, 1999 WL 406892, at *12 (June 18, 1999) ("The government, under the [pre-CAFRA] approach, need not produce any admissible evidence and may deprive citizens of property based on the rankest of hearsay and the flimsiest evidence. This result clearly does not reflect the value of private property in our society, and makes the risk of an erroneous deprivation intolerable." (internal quotation marks omitted)).

inapplicable at sentencing hearings. *Id.* at 641 (citing Fed. R. Evid. 1101(d)(3)). Because *Smith* involved a district court's decision at a criminal sentencing hearing, *Smith* is inapplicable.

Indeed, the Federal Rules of Evidence explicitly declare that those rules (including the hearsay rule) apply generally in all federal court cases, unless otherwise provided in the rules themselves. Fed. R. Evid. 1101(b). Rule 1101(d)(3) exempts proceedings for the issuance of arrest or search warrants from the operation of the Rules of Evidence (other than the rules with respect to privileges), but neither that subsection nor any other provision of the Federal Rules of exempts forfeiture actions. *Accord United States v. Twelve Thousand, Three Hundred Ninety Dollars*, 956 F.2d 801, 808, (8th Cir. 1992) (Beam, J. dissenting) (expressing dissatisfaction with standard where the government "need not produce any admissible evidence and may deprive citizens of property based on the rankest of hearsay and the flimsiest evidence. This result clearly does not reflect the value of private property in our society, and makes the risk of an erroneous deprivation intolerable.").

### E. Dunn Requests Leave to File an Amended Complaint.

In the event the Court concludes that the proceeding should be governed by Rule 41(g), Dunn requests leave to file an amended complaint to assert an alternative claim for money damages. *See Jackson v. United States*, 526 F.3d 394, 398 (8th Cir. 2008) (remanding Rule 41(g) proceeding to district court with instructions to grant the movant an opportunity to assert an alternative claim for money damages with respect to property the government does not possess and that movant is entitled to return); *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001) (same).

### F. Dunn Reserves the Right to Challenge the Government's Evidence.

Finally, as Dunn notes above, neither equity nor the *Clymore*-line of caselaw has any relevance in determining whether Dunn's property is subject to forfeitability. Moreover, since

the Court has asked the Parties to submit briefing prior to submitting proposed findings of fact and conclusions of law, Dunn respectfully reserves the right to challenge the government's arguments concerning the evidentiary record (*see* Doc. # 45 at 9-12) until after a determination has been made on the applicability of Section 983(e)(5) and (e)(2), as well as the Federal Rules of Evidence.

## III. CONCLUSION

For the foregoing reasons, the Court should: (1) find that Section 983(e)(2) does not allow the government to file a new civil forfeiture action; (2) find that the July 18 hearing is governed by CAFRA, or in the alternative, Rule 41(g), and the Federal Rules of Evidence; and (3) require the Parties to submit proposed findings of fact and conclusions of law.

Date: August 28, 2017

Respectfully submitted,

  s/ Brent Dwerlkotte
Andrew D. Carpenter, MO Bar #48454
Brent Dwerlkotte, MO Bar # 62864
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-474-6550
Fax: 816-421-5547
acarpenter@shb.com
dbdwerlkotte@shb.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2017, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will serve electronic notice upon all parties of interest.

    s/ Brent Dwerlkotte
*Attorney for Plaintiff*