IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|  |  |
|---|---|
| **Adrian Dunn**, | |
| Plaintiff; | |
| v. | Case No.16-CV-00493-BCW |
| **United States of America**, | |
| Defendant. | |

### UNITED STATES' REPLY SUGGESTIONS TO PLAINTIFF DUNN'S RESPONSE TO THE UNITED STATES' POST-HEARING BRIEF

The United States of America, by its attorneys, Thomas M. Larson, Acting United States Attorney, and James Curt Bohling, Assistant United States Attorney and Chief, Monetary Penalties Unit, provides the following suggestions in reply to plaintiff Dunn's response to the United States' Post-Hearing Brief for hearing held before the Court on July 18, 2017.

### *Reply Suggestions*

**I. As a threshold matter, the Court must decide whether 18 U.S.C. § 983(e)(2) and (4) apply to this action.**

The facts presented by plaintiff Dunn's case present an arcane legal issue: whether 18 U.S.C. § 983(e), the provision of CAFRA which provides a remedy for a defective administrative forfeiture proceeding, and which by it terms is the "exclusive remedy" to set aside an administrative forfeiture decree, applies where, as here, the infirmity present in the administrative forfeiture

stems from an issue other than the lack of notice. If section 983(e) applies, the United States is granted six months from the date that the Court set aside the administrative forfeiture to file a civil judicial forfeiture complaint, both as to the directly forfeited United States Currency and as to the proceeds of the sale of the two vehicles as a substitute for those vehicles. 18 U.S.C. § 983(e)(2)(A) and (4).

If section 983(e) does not apply, then this action becomes a motion pursuant to Federal Rule of Criminal Procedure 41(g) as to the U.S. Currency, and a civil damages lawsuit (yet to be filed) as to the two forfeited vehicles that have been sold.

Consequently, the course of this litigation depends upon the ruling the Court makes as to this procedural issue.

The parties have addressed the merits of these complex issues at length in the pleadings and at the July 18 hearing. Here, the United States will address a few points put forth by Dunn in his Post-Hearing Brief.

First, Dunn makes reference to the fact that the hearing was held as an implied basis for finding that Rule 41 is the applicable procedure (inferentially conceding that the hearing cannot substitute for a new civil judicial forfeiture action). While the United States is also in favor of efficiency, the decision of the Court and the parties to go forward with the hearing has no bearing on the purely legal procedural issue now before the Court. In any event, a determination that section 983(e) is not applicable means that Dunn will have to file a new civil lawsuit, in essence, concerning the sale of the two vehicles. This course of action will produce substantial additional litigation. Indeed, Congress included section 983(e)(4) to relieve those seeking return of property from the need to bring a civil damages action, and to focus the inquiry solely on the issue of forfeitability. While the

Eighth Circuit allows a litigant in Dunn's posture to allege civil causes of action, such as the Federal Tort Claims Act or the Tucker Act, *Jackson v. United States*, 526 F.3d 394, 398 (8th Cir. 2008), the United States retains all of its defenses to such claims.

Second, Dunn argues that because the due process allegation alleged here is the agency's misconstrual of Dunn's claim as being solely an administrative remission petition, rather than notice, section 983 does not permit the United States to file a new civil forfeiture complaint. However, such a result is hard to reconcile with the express language of section 983(e).

It is clear, and the United States has here conceded, that an agency's misconstrual of a filing as a remission petition only and not a claim is a type of due process violation that may give rise to relief. For example, although not dealing with the identical administrative process as we have here, the court in *Frazier v. United States*, 2015 WL 1505969 (S.D. Ga. Mar. 21, 2015), discussed this issue at length. The *Frazier* court, however, only denied the Government's motion to dismiss and did not discuss the issue of appropriate remedy. Nevertheless, 18 U.S.C. § 983(e)(5) provides without exception that, "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *See United States v. Sims*, 376 F.3d 705, 707 (7th Cir. 2004) (section 983(e) is the exclusive remedy for challenging an administrative forfeiture that was commenced on or after August 23, 2000); *Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005) (same); *but see Okafor v. United States*, 846 F.3d 337 (9th Cir. 2017) (§ 983(e) is a claims processing rule, not a

- 3 -

Case 4:16-cv-00493-BCW   Document 52   Filed 09/19/17   Page 3 of 6

jurisdictional provision, and, as such, does not bar appellant's motion for return of property under Rule 41(g)).

Given that section 983(e)(5) renders section 983(e) as the only remedy to set aside an administrative forfeiture action, it follows that section 983(e)(2)'s procedures must apply where such an action has actually been set aside, notwithstanding the underlying basis for that action. As noted, however, as a threshold matter the Court must rule on this procedural issue, as it affects how the proceeds from the sale of the forfeited cars will be handled (that is, named as a substitute *res* in a new civil forfeiture action or named as the subject of a new civil damage lawsuits added by Dunn to this action), and it will determine what role, if any the July 18 evidentiary hearing will play going forward.

## II. Sufficient admissible evidence at the hearing supports the finding that Dunn is not equitably entitled to the return of the assets at issue.

In its Post-Hearing Brief, the United States explained at length how the clearly admissible evidence at the hearing supports the conclusion that each of the three assets at issue in this proceeding (the $41,000 and the two vehicles) constitute either proceeds of federal drug violations or property facilitating those violations. Dunn does not dispute these points in his response. Instead, Dunn argues that the United States has not shown that hearsay is admissible.

As the case agent for the Corredor investigation, HSI Special Agent Mark King has substantial first-hand knowledge of the facts relevant to the issues before the Court. The United States established the foundation for his knowledge as to each point of testimony during the hearing. The only

- 4 -

hearsay statement elicited by the United States was the statement by Corredor during a September 2009 proffer that Dunn had given Corredor the Corvette as payment for an antecedent drug debt. There is no reason to question the reliability of this statement and, in any event, other evidence in the record supports this conclusion.

The facts are inescapable. Dunn was convicted of being a conspirator in the Corredor drug conspiracy. The non-hearsay evidence at the hearing (to the extent the hearing remains relevant) establishes that the assets at issue are connected to the drug conspiracy and Dunn has no equitable right to their return.

> Thomas M. Larson
> Acting United States Attorney
>
> By   */s/ James Curt Bohling*
>
> James Curt Bohling
> Chief, Monetary Penalties Unit
> Assistant United States Attorney
> 400 E. 9th Street, Suite 5510
> Kansas City, Missouri 64106
> Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and was thereby served upon all parties.

>	*/s/ James Curt Bohling*
>
>	James Curt Bohling
>	Chief, Monetary Penalties Unit
>	Assistant United States Attorney

- 6 -