IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ADRIAN DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-00493-BCW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The underlying issue in this case is whether Plaintiff Adrian Dunn is entitled to the return of property seized in connection with Dunn's criminal convictions in <u>United States of America v. Adrian L. Dunn, 4:09-CR-00188-BCW.</u> Before the Court is the parties motions to determine whether the July 18, 2017 hearing held before this Court should be governed pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA[1]") or Federal Rule of Criminal Procedure 41(g). The Court, being duly advised of the premises, having considered the record, finds the issue governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").

## BACKGROUND

On June 11, 2009, Dunn was indicted for conspiracy to distribute narcotics. U.S. Immigration and Customs Enforcement ("ICE") agents executed a search warrant and seized a 1974 Chevrolet Caprice, a 2005 Chevrolet Corvette, and $41,000 in U.S. currency, for which U.S. Customs and Border Protection provided a notice of seizure. Dunn's request for return of property was denied because the Caprice, Corvette, and currency were under indictment by the

---

[1] The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") was codified in part at 18 U.S.C. § 983(e).

1

United States Attorneys' Office. Thereafter, U.S. Customs and Border Protection issued a declaration of forfeiture, and the Corvette was sold at auction for $23,700.

On August 20, 2009, the Government filed a superseding indictment which included forfeiture allegations relative to the Caprice, Corvette, and currency seized from Dunn's property.

On February 18, 2011, a jury found Dunn guilty of conspiracy to distribute 5 kilograms or more of cocaine and use of a telephone to facilitate the distribution of cocaine. 4:09-CR-00188-BCW (Doc. #524). On October 17, 2011, Court entered judgment against Dunn for these convictions. After judgment, instead of seeking judicial forfeiture of the property, the Government initiated administrative forfeiture proceedings against the Caprice and the currency; the Caprice was sold at auction for $5,600.

On February 27, 2015, Dunn filed a pro se Motion to Set Aside Declaration of Forfeiture. 4:09-CV-00188-BCW (Doc. #872). On May 23, 2016, the Court entered an order assigning a civil case number to Dunn's motion, thus initiating the above-captioned action. Dunn alleges the forfeiture of the Caprice, Corvette, and currency should be set aside as improper. On December 16, 2016, the Court appointed counsel to represent Dunn in this civil action.

On July 18, 2017, counsel for both parties appeared before the Court to present evidence and argument relative to the issues presented by Dunn's motion to set aside. During the hearing, the Government conceded that the administrative forfeiture of the Caprice, Corvette, and currency was improper, the parties stipulated to the Court vacating and setting aside the administrative forfeiture, and the Court issued an oral order to that effect. (Doc. #50 at 149-50).

Since the administrative forfeiture of the property has been set aside, the parties seek guidance from the Court regarding whether CAFRA or Fed. R. Crim. P. 41(g) governs Dunn's allegations seeking the return of seized property.

### A. THE JULY 18, 2017 HEARING WAS GOVERNED BY 18 U.S.C. § 983 (e).

The ultimate issue before the Court is whether Dunn is entitled to the return of his property. At the July 18, 2017 hearing, Dunn asserted that the hearing should be held pursuant to 983(e), which would permit the Court to set aside Dunn's civil forfeiture. In the motion for relief under § 983, Dunn argues neither § 983(e)(2) nor § 983(e)(5) permits the United States to file a new civil forfeiture action in the instant matter because lack of notice was not at issue. The United States contends that § 983(e)(5) is the exclusive remedy to set aside an administrative forfeiture action and they are entitled to file a new civil forfeiture complaint pursuant to § 983(e)(2), notwithstanding the fact that notice is not at issue.

Under CAFRA, a civil forfeiture may be set aside for lack of notice under certain conditions:

> Any person entitled to written notice in any non-judicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

See 18 U.S.C. § 983 (e)(1). If the Court grants the motion to set aside a declaration of forfeiture, "the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." 18 U.S.C. § 983(e)(2)(A).

Title 18 U.S.C. § 983(e)(5) provides: "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." The Court finds that the hearing held on July 18, 2017 should be governed pursuant to § 983(e)(5) based on the plain meaning of the statute. "Plain language or plain meaning of a statutory provision is not limited to the meaning of individual terms, but rather, such inquiry requires examining the text of the statute as a whole by considering its context, object, and policy." Freezy v. Wells Fargo Bank, N.A., 755 F. Supp. 2d 1010, 1014 (S.D. Iowa 2010)(internal citation omitted).

The parties agree that Dunn received notice of seizure from U.S. Customs and Border Protection. The United States concedes that Dunn's forfeiture proceedings were ineffective and void because "the agency should have interpreted Dunn's submissions as claims, not as remission petitions, and therefore should have referred the assets to the United States Attorney's Office to allow for the filing of a civil judicial complaint." (Doc. #51 at 3). Even though Dunn received notice of seizure, such that notice was not deficient, § 983(e)(5) provides that it is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. United States v. Triplett, No. 06-2652, 2007 WL 2077618, at *1 (8th Cir. 2007). The rules of statutory construction require the Court to look at the statute in its entirety. Wells Fargo Bank, N.A., 755 F. Supp. 2d at 1014. Despite § 983 (e)(2)'s reference to subsection (e)(1), which references lack of notice, the Court infers from reading § 983 in its entirety that the United States is permitted to file a new civil complaint. Since the administrative forfeiture was vacated pursuant to § 983(e)(5), the exclusive remedy to set aside a civil forfeiture, it follows that § 983(e)(2) permits the United States to file a new civil forfeiture action because § 983(e)(2) provides a procedural mechanism to set aside a forfeiture, where § 983(e)(5) does not. Can v.

4

U.S. Drug Enf't Agency, 764 F. Supp. 2d 519, 520 (W.D.N.Y. 2011) (The exclusivity of Section 983 as the remedy for setting aside a non-judicial declaration of forfeiture is well-settled); Mesa Valderrama v. U.S., 417 F.3d 1189, 1195 (11th Cir. 2005) (CAFRA sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute).

Where a court sets aside an administrative forfeiture, the United States is permitted to file a new non-judicial forfeiture proceeding within 60 days, or judicial forfeiture proceeding within six months, after the date of entry of the order setting aside the administrative forfeiture. 18 U.S.C. § 983(e)(2)(A). Thus, under CAFRA, the United States is permitted to file a new civil forfeiture complaint.

### B. THE JULY 18, 2017 HEARING WAS NOT GOVERNED BY THE FED. R. CRIM. PRO. 41(g).

To the extent the parties argue Federal Rules of Criminal Procedure 41(g) governs the July 18, 2017 hearing, the Court finds the hearing was not governed by the Federal Rules of Criminal Procedure 41(g) because CAFRA is the exclusive remedy for Dunn to challenge the administrative forfeiture procedure. Triplett, No. 06-2652, 2007 WL 2077618, at *1.

Fed. R. Crim. Pro 41(g)[2] provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A motion pursuant to Rule 41(g) is an equitable remedy. Contreras v. United States of America, No. 4:12-MC-09017-BCW, 2012 WL 5835682, at *1 (W.D.Mo. Nov. 16, 2012) However, a Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a

---

[2] Fed. R. Crim. Pro. 41(g) is formerly known as 41(e).

5

claim. Id. (holding that the court must dismiss the 41(g) action because the government followed notice procedures in accordance with the statutes and regulations governing administrative forfeitures. Plaintiff may seek relief under the forfeiture statute pursuant to 18 U.S.C. § 983(f)).

Prior to the enactment of CAFRA, most courts held that claimants seeking return of property must do so through the administrative forfeiture procedure, and not a motion for return of property under Rule 41(g). Davila v. U.S., No. 8-14-CV-109, 2014 WL 5481332, at *2 (D.Neb. Oct. 28, 2014). The Eighth Circuit has held that a motion under Rule 41(g) cannot be used to challenge antecedent civil forfeitures. Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit, 92 F.3d 648, 652 n. 4 (8th Cir.1996); see also In re Harper, 835 F.2d 1273, 1274 (8th Cir.1988) (holding that the provisions now expressed in Rule 41(g) cannot be used to challenge the results of complete forfeiture proceedings), abrogated on other grounds by United States v. Woodall, 12 F.3d 791 (8th Cir.1993); United States v. Irvin, No. 4:05CR00054–01 JLH, 2010 WL 2105137, at *2 (E.D.Ark. May 25, 2010).

Furthermore, Dunn may not recover under Federal Rules of Criminal Procedure 41(g) because the two vehicles have been sold. U.S. v. Williams, No. 03-95, 2012 WL 1988091, at *1 (D.Minn June 4, 2012). The federal courts lack jurisdiction to order return of property not in the actual or constructive possession of the federal government. See United States v. Stevens, 500 F.3d 625, 627–28 (7th Cir. 2007); U.S. v. Copeman, 458 F.3d 1070, 1071 (10th Cir. 2006). Thus, Federal Rules of Criminal Procedure 41(g) does not provide a proper avenue for Dunn to seek return of his property.

### C. THE JULY 18, 2017 HEARING IS MOOT AND THE FEDERAL RULES OF EVIDENCE ARE IMMATERIAL.

Consistent with the Courts determination that Section 983 permits the United States to file a new civil forfeiture complaint, the Court finds that the July 18, 2017 hearing is moot. The

Court will address the forfeitability of Dunn's property upon the filing of the United States new civil forfeiture complaint. Thus, the Court declines to consider whether the Federal Rules of Evidence were applicable to the July 18, 2017 hearing at this time. Accordingly, it is hereby

ORDERED the administrative forfeiture is set aside pursuant to 18 U.S.C. § 983 (e)(5). It is further

ORDERED the United States may avail itself of 18 U.S.C. § 983 (e)(2).

IT IS SO ORDERED

DATED: December 4, 2017

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT